### GILSON v. MUTUAL RESERVE FUND LIFE ASS'N.

(Circuit Court, W. D. Kentucky. March 29, 1904.)

**1. FEDERAL COURTS—JURISDICTION—AMOUNT IN CONTROVERSY.**

Where plaintiff sued defendant insurance company to recover dues and assessments amounting to $1,527.25, together with interest, in all amounting to $2,346.50, and prayed judgment against defendant "for the sum of $2,346.50, being the amount of dues and assessments paid to date, with interest" to September 1, 1900, and for interest on the same from that date, and for costs, the fact that the interest was added to the principal did not change it to principal, so as to justify a removal of the cause to the federal courts on the ground that the parties were citizens of different states, and that the amount involved exceeded $2,000, exclusive of interest and costs.

Means & Farnsley, for plaintiff.
Pirtle, Trabue, Doolan & Cox, for defendants.

EVANS, District Judge. In 1885 the plaintiff received a certificate of membership (equivalent to a policy of life insurance) in the defendant company for $5,000. He continued to pay the dues and assessments up to some time in 1901, when, as he avers, the company increased the amount of such dues and assessments far beyond what was stipulated in the contract, and beyond his ability to pay, and thus forced him out of the association. The dues and assessments thus paid by him amounted to $1,527.25, and he has sued to recover that sum, with interest thereon from the respective dates of payment, the aggregate of which on September 1, 1903, was $2,346.50. The prayer of the petition is in this language:

"Wherefore plaintiff prays judgment against the defendant in the sum of $2,346.50, being the amount of dues and assessments paid to this date, with interest on the same to September 1, 1903, and for interest on the same from said date, for the costs herein expended, and for all proper and equitable relief."

The defendant, alleging itself to be a citizen of New York, and the plaintiff to be a citizen of Kentucky, removed the case into this court,

¶ 1. Jurisdiction of circuit courts as determined by amount in controversy, see notes to Auer v. Lombard, 19 C. C. A. 75; Tennent-Stribling Shoe Co. v. Roper, 36 C. C. A. 459.
See Removal of Causes, vol. 42, Cent. Dig. § 130.

and the plaintiff has moved to remand the same to the state court. By the judiciary act now in force, it was competent for the defendant, upon the ground alleged, to remove the case to this court, provided the amount in controversy, exclusive of interest and costs, exceeded the sum or value of $2,000. It is insisted by the defendant's counsel that while the amount of dues and assessments paid was only $1,527.25, and therefore did not exceed $2,000, yet that the prayer of the petition and the claim made by the plaintiff have converted the interest up to September 1, 1903, into principal; and he likens it to a case where there had been a judgment for the amount of principal and interest, such latter case, where suit was brought on the judgment, having been held to be removable if the amount of the judgment was more than $2,000. While, if there had been a judgment, the interest would be merged therein so as thereafter to make the whole debt principal, yet the court is clearly of opinion in the case now before it that the interest has not, by the mere frame of the plaintiff's petition, been transmuted into principal. The utmost that can be said of the petition is that it seeks to recover compound interest, but, in the opinion of the court, it is nevertheless interest, and nothing more, within the meaning of the judiciary act, and consequently it does not appear that the amount claimed in the petition of the plaintiff, exclusive of interest and costs, exceeds the sum of $2,000. Indeed, all except the dues and premiums is expressly claimed as interest, and expressly shown to be interest, and nothing else.

It results that the motion to remand the action to the state court must be, and it is, sustained.