## O. J. LEWIS MERCANTILE CO. v. KLEPNER.

(Circuit Court of Appeals, Second Circuit. January 11, 1910.)

No. 104.

1. APPEAL AND ERROR (§ 1002*)—REVIEW—JURISDICTIONAL QUESTIONS.
   Where the question whether a foreign corporation was doing business in a state, so as to render it subject to suit therein, was submitted to the jury, its decision on conflicting evidence will not be set aside by an appellate court, unless clearly against the weight of evidence.

   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3935–3937; Dec. Dig. § 1002.*]

2. COURTS (§ 328*)—JURISDICTION OF FEDERAL COURTS—AMOUNT IN DISPUTE.
   The amount in dispute in an action for damages, in which the damages are determinable by the jury, is sufficient to give a federal court jurisdiction, where more than $2,000, exclusive of interest and costs, is demand-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ed, and the facts alleged are such as to justify the good faith of such demand.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 890–896; Dec. Dig. § 328.*

Jurisdiction of Circuit Courts as determined by the amount in controversy, see notes to Auer v. Lombard, 19 C. C. A. 75; Tennent-Stribling Shoe Co. v. Roper, 36 C. C. A. 459.]

3. COURTS (§ 329*)—JURISDICTION OF FEDERAL COURTS—ESTOPPEL.

A defendant, who pleads a counterclaim in a federal court, is estopped to deny jurisdiction on the ground that the amount in dispute is insufficient.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 897; Dec. Dig. § 329.*]

In Error to the Circuit Court of the United States for the Southern District of New York.

Action by Annie Klepner against the O. J. Lewis Mercantile Company. Judgment for plaintiff, and defendant brings error. Affirmed.

On writ of error to the Circuit Court of the United States for the Southern District of New York to review a judgment entered on the verdict of a jury in favor of the plaintiff for $1,649.05. The interest and costs, amounting to $881.98, made the total amount of the judgment $2,531.03, which was entered November 11, 1908. Upon a former trial a verdict was directed in favor of the defendant, this judgment was reversed and a new trial ordered by this court, the opinion being reported in 159 Fed. 94, 86 C. C. A. 284.

Herbert H. Gibbs, for plaintiff in error.

Edward A. Alexander and Jerome H. Buck, for defendant in error.

Before COXE, WARD, and NOYES, Circuit Judges.

COXE, Circuit Judge. On the former trial the court directed a verdict for the defendant. This court decided that the testimony warranted a submission of the controversy to the jury and every disputed question of fact was so submitted at the trial now under review. No serious contention based upon the merits can be urged against the verdict. Unquestionably the conduct of the defendant in sacrificing the plaintiff's property damaged her in at least the sum found by the jury. This fact, coupled with the additional fact that the litigation has already extended over a period of more than six years involving three trials and two appeals, predisposes the court not to dismiss the cause upon a doubtful question of jurisdiction.

The principal contention of the defendant is that the court should have dismissed the complaint: First, because the proof fails to show that the defendant—a Missouri corporation—was a resident of the Southern district of New York or was transacting business therein; and second, because the amount in controversy was less than $2,000. The question whether the defendant had a place of business and an agent in New York and was doing business there was submitted to the jury and decided in favor of the plaintiff. This finding was amply sustained by the proof. It was at all times conceded that J. H. Hall was the defendant's New York agent, but it is said that his agency

was limited to soliciting and receiving consignments. The defendant's counsel presents a careful analysis of the evidence and bases thereon an elaborate argument to demonstrate the contention that the defendant was not doing business in this state.

The question is not here as an original proposition; it was decided upon conflicting testimony in the Circuit Court and we cannot say that the decision is so clearly against the weight of evidence as to justify us in setting it aside. In addition to the oral testimony the accounts of sales dated at St. Louis and forwarded by the defendant have printed prominently upon their face the words "New York Office, 442 Broadway." Similarly the letter heads and cards used by Hall have printed upon them the name of the defendant, "J. H. Hall, Agent, 442 Broadway, New York." This evidence coupled with testimony that the defendant's officers frequently came to New York to assist Hall in securing business, that Hall had authority to advance money for defendant and the strong presumption that the defendant must have known that Hall was representing himself as its general agent at its New York place of business, amply sustained the conclusion of the court and jury.

The contention that the court has no jurisdiction because the amount involved is less than $2,000 proceeds, we think, upon a mistaken interpretation of the judiciary act (Act March 3, 1875, c. 137, 18 Stat. 470) as amended in 1887–88 (Act March 3, 1887, c. 373, 24 Stat. 552; Act Aug. 13, 1888, c. 866, 25 Stat. 433 [U. S. Comp. St. 1901, p. 508]). Section 1 provides that the Circuit Courts shall have original cognizance of certain designated suits at common law "in which the matter in dispute exceeds, exclusive of interest and costs, the sum of two thousand dollars." "The amount in dispute"—says the defendant's brief—"was legally determined at the trial, at less than $1,868.25 exclusive of interest and costs."

If the amount of the recovery were to settle the question it would never be possible, in an action where the damages are in the discretion of the jury, to ascertain whether the court has jurisdiction until the jury has reported. The question is—did the court have jurisdiction in limine, had the plaintiff a cause of action upon which he might recover more than $2,000? This question must be answered by an examination of the pleadings. The fact that the verdict was for less than $2,000, that plaintiff, after she discovered that the goods were being sold at ruinous prices, was willing to take less than that sum in settlement, and the fact that the theory of the recovery was changed at the trial to conform to the proof and thus was limited to a sum less than the jurisdictional amount, are not, in our opinion, germane to the question. It would produce a grotesque and an intolerable condition if the law were interpreted so as to permit the jurisdiction to depend upon the decision of the court or jury upon disputed questions of fact.

In her amended complaint the plaintiff "demands judgment against the defendant for the sum of $2,550 with interest." Of course it is not pretended, if on the face of the complaint it clearly appears that the plaintiff cannot recover more than $2,000, that the mere demand in excess of that sum will give the court jurisdiction. If, on the other hand, the demand is made in good faith and is justified by a fair and reasonable interpretation of the facts it is the true criterion. The

rule is well stated in Peeler v. Lathrop, 48 Fed. 780, 1 C. C. A. 93, as follows:

"It is not the amount a plaintiff is able to prove he is entitled to that determines the amount in dispute for the purpose of jurisdiction, for otherwise the failure of a plaintiff to recover would oust the court of jurisdiction. The amount in dispute or matter in controversy, which determines the jurisdiction of the Circuit Courts in suits for the recovery of money only, is the amount demanded by the plaintiff in good faith."

In Washington County v. Williams, 111 Fed. 801, 811, 49 C. C. A. 621, 631, it is said:

"The amount claimed in the declaration or complaint, not the amount of recovery, is the test of jurisdiction, and the fact that a sum in excess of $2,000 exclusive of interest and costs, was claimed, gave the trial court jurisdiction to render a judgment for a less amount unless this court is able to find that a demand for a sum in excess of $2,000 was interposed in bad faith, for no other purpose than to give the federal court jurisdiction."

The theory of the complaint was that when the defendant violated its obligations under the contract, the plaintiff was entitled to recover, not the invoice value or cost price of the goods, but the actual value, as measured by the highest market value at the time of the breach, which was alleged to be $3,000. There is nothing to indicate bad faith in this demand, indeed, from the plaintiff's point of view it was the reasonable demand to make and was justified by the facts. The trial court, against the plaintiff's objection and exception, limited the recovery to the prices stated in the invoice, but we cannot say that this ruling establishes the bad faith of the plaintiff in demanding the full value of the property of which she had been deprived by alleged unlawful conduct of the defendant.

Again, the defendant interposed a counterclaim and, having invoked the jurisdiction of the court for its own benefit, is now estopped from denying it. Merchants' Co. v. Clow, 204 U. S. 286, 27 Sup. Ct. 285, 51 L. Ed. 488.

We have examined the other exceptions argued and are of the opinion that none of them is well taken. The cause was fairly submitted to the jury and no prejudicial error was committed.

The judgment is affirmed with costs.