AMERICAN SHEET & TIN PLATE CO. v. WINZELER.

(District Court, N. D. Ohio, W. D.   April 16, 1915.)

No. 2478.

1. COURTS ⚮280—FEDERAL COURTS—DETERMINATION OF JURISDICTIONAL QUESTIONS.

The District Court, separately from the trial on the merits, may hear and determine questions relating to its jurisdiction in any pending action, whether raised by objections to the complaint, plea in abatement, or by motion pending trial.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 816–818; Dec. Dig. ⚮280.]

2. COURTS ⚮329—FEDERAL COURTS—JURISDICTIONAL AMOUNT—CONCLUSIVENESS OF AD DAMNUM CLAUSE.

The statement of the amount of the claim in the ad damnum clause of the complaint does not give the District Court jurisdiction, unless the facts pleaded sufficiently support the assertion of damages, so as to show that the statement of the amount involved is either in good faith or is open to fair controversy.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 897; Dec. Dig. ⚮329.]

3. COURTS ⚮328—FEDERAL COURTS—DISTRICT COURT—JURISDICTIONAL AMOUNT—COUNTERCLAIM.

When the jurisdictional amount in a suit in the District Court is in question, the tendering of a counterclaim in an amount which in itself, or when added to the amount of the petition's ad damnum, makes up the jurisdictional amount, establishes jurisdiction, whatever the state of the complaint.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 890–896; Dec. Dig. ⚮328.]

4. COURTS ⊕═280—FEDERAL COURTS—JURISDICTION—JURISDICTIONAL AMOUNT.

Where, in an action in the District Court, the defendant moved for leave to plead separately to the jurisdiction, without prejudice to his right to plead to the merits and to assert any counterclaim, on the ground that the amount involved, exclusive of interest and costs, was less than $3,000, alleging that the plaintiff's claims were fictitious, and made for the sole purpose of making it appear on the record that the amount involved the jurisdictional limit of the court, such motion will be denied, since its granting would establish a precedent, making it possible in any action at law for a defendant to procure an exhibit of the whole of the plaintiff's case prior to preparing his answer, while the defendant, in answering, could plead such facts as affected the good faith of the complaint, tending to show that the jurisdiction of the court was improperly sought, not merely facts tending to reduce the amount of plaintiff's complaint below the jurisdictional amount, and with such defense could set up any counterclaim, which, if evidence on the defense of want of jurisdiction established that the court was improperly entered, the defendant, following favorable action on his motion to dismiss the complaint, might dismiss his counterclaim without prejudice, gaining all sought by the motion to plead to the jurisdiction.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 816–818; Dec. Dig. ⊕═280.]

At Law.- Action by the American Sheet & Tin Plate Company against H. S. Winzeler. On motion for·leave to plead to the jurisdiction. Motion overruled.

Squire, Sanders & Dempsey, of Cleveland, Ohio, and C. A. Seiders, of Toledo, Ohio, for plaintiff.

Chas. A. Bowersox, of Bryan, Ohio, and Harry E. King, of Toledo, Ohio, for defendant.

KILLITS, District Judge. Plaintiff pleads a cause of action against the defendant, growing out of a contract whereby the defendant agreed to buy of the plaintiff six car loads of steel of certain quality and price. It is claimed that three car loads were delivered to defendant; that the defendant refuses to pay therefor, and that the sum due at the contract rate is $2,374.33; that the defendant further has attempt-. ed to cancel all orders made under the contract, and has refused to take, accept, or pay for any of the remaining goods, which it is alleged had been prepared and manufactured specially for the defendant under the terms of the contract; that the plaintiff has made tender of all the steel by it to be manufactured, and has performed all other things and conditions by it to be performed under the terms of the contract; that the loss to the plaintiff under this contract, by reason of the defendant failing to accept the remaining three cars of steel, measured by the difference between the contract price and the reasonable value of the goods at the time the action is brought, is in the sum of $1,279.55, making the total amount involved in this action for money only $3,653.88. That the exact question now before the court may be understood, we quote at large here the motion interposed by the defendant:

"The defendant, H. S. Winzeler, respectfully moves the court for leave to first plead separately to the jurisdiction of the court, for the reason that

the amount involved herein, exclusive of interest and costs, is less than three thousand dollars ($3,000), and that said plea may be filed, and, if controverted, be heard and determined without prejudice to defendant's right to plead to the merits of said action and to assert any counterclaims he may have against the plaintiff, which motion defendant makes for the following reasons: The claims alleged by plaintiff in the petition herein are founded on contracts providing for the purchase by defendant from plaintiff of seven cars of steel; that the invoice price of all of said steel shipped or delivered to defendant by plaintiff and yet unpaid for does not exceed two thousand four hundred and seventy and $35/100$ dollars ($2,470.35), liability for which defendant in no wise admits, but denies; and that the claims asserted in the petition for refusal of any of said steel as therein stated are untrue, groundless, and wholly fictitious, and made for the sole purpose of making it appear on the face of the record that the amount involved herein exceeds the sum of three thousand dollars ($3,000), exclusive of interest and costs."

[1] That the court, separately from the trial on the merits, may hear and determine questions relating to its jurisdiction in any action before it, whether those questions be raised by objections to the complaint or by a plea in abatement, or whether taken advantage of pending the trial, is unquestioned. Smith v. Greenhow, 109 U. S. 669, 3 Sup. Ct. 421, 27 L. Ed. 1080; Bowman v. Chicago & N. R. Co., 115 U. S. 611, 6 Sup. Ct. 192, 29 L. Ed. 502; Barry v. Edmunds, 116 U. S. 550, 6 Sup. Ct. 501, 29 L. Ed. 729; Schunk v. Moline, M. & S. Co., 147 U. S. 505, 13 Sup. Ct. 416, 37 L. Ed. 255; Wetmore v. Rymer, 169 U. S. 115, 18 Sup. Ct. 293, 42 L. Ed. 682; North American Transp. & T. Co. v. Morrison, 178 U. S. 262, 20 Sup. Ct. 869, 44 L. Ed. 1061; Globe Refining Co. v. Landa Cotton Oil Co., 190 U. S. 540, 23 Sup. Ct. 754, 47 L. Ed. 1171.

[2] The rule which these cases establish is that the mere statement of the amount of the claim in the ad damnum clause does not clothe the court with jurisdiction unless the facts pleaded sufficiently support the assertion of damages to suggest that the statement of the amount involved is either in good faith, or is open to fair controversy. In Stillwell-Bierce et al. v. Williamston Oil & Fertilizer Co. (C. C.) 80 Fed. 68, the court states the rule to be this:

"Whenever by an inspection of the complaint—perhaps of the whole record —it appears that the amount claimed is within the jurisdictional limit, or that, being apparently beyond it, the statement is collusive, or a fraud on the jurisdiction, the court must dismiss the cause. But when it is necessary, in order to ascertain the amount involved in controversy, to consider conflicting testimony, or to decide disputed questions of law, this necessity alone gives the court jurisdiction. The court, under such circumstances, must hear the case, and reach its conclusion judicially; in other words, must take jurisdiction. Nor is it enough that there appears to be a valid defense to a part of the claim ([Schunk v. Moline, Milburn & Stoddard Co.] 147 U. S. 505 [13 Sup. Ct. 416, 37 L. Ed. 255]), nor that the judge should be under a personal conviction, however strong, that the amount really in controversy is within the limit prescribed for the court. The facts made distinctly to appear in the record must create a legal certainty of the conclusion based on them. [Barry v. Edmunds] 116 U. S. 559 [6 Sup. Ct. 501, 29 L. Ed. 729]."

The pleading in this case does not exhibit the vice found in the complaint in Globe Refining Co. v. Landa Cotton Oil Co., 190 U. S. 540, 23 Sup. Ct. 754, 47 L. Ed. 1171, but it is clearly on its face a claim proffered in perfect good faith, and with averments which, if

the facts are resolved in favor of the plaintiff, amply support the amount claimed as damages.

[3] It is established, of course, that, when the jurisdictional amount is in question, the tendering of a counterclaim in an amount which in itself, or added to the amount claimed in the petition, makes up a sum equal to the amount necessary to the jurisdiction of this court, jurisdiction is established, whatever may be the state of the plaintiff's complaint. Lee v. Continental Insurance Co. (C. C.) 74 Fed. 424; Lewis Mercantile Co. v. Klepner, 176 Fed. 343, 100 C. C. A. 285; Merchants' Co. v. Clow, 204 U. S. 286, 27 Sup. Ct. 285, 51 L. Ed. 488.

[4] The mischief which may follow the establishment of a precedent in the granting of defendant's motion is plain. It is beyond all question that here the motion is offered in perfect good faith; but the precedent its granting would establish would make it possible in any action at law for a defendant to experiment in this way with the plaintiff's case, with the advantage, in case his views or hopes failed to be realized, of preparing his answer to the merits and his subsequent defense with a full exhibit of all the plaintiff's case in testimony.

Another undesirable result would be the doubling up of the court's work in many cases. Undoubtedly this situation should be avoided, as likewise the embarrassment which the defendant fears in being tied to a jurisdiction which he seeks to avoid, by the fact that in full assertion of his rights he finds himself compelled to assert a counterclaim.

We overrule the motion with this thought in view: It is competent for the defendant to plead such facts as in his judgment affect the bona fides of the complaint, not facts merely which tend to reduce the amount of plaintiff's complaint beyond the amount necessary to give this court jurisdiction, but those facts which tend to show that the jurisdiction of this court was improperly sought. With that defense, we see no reason why he may not set up his counterclaim in whatever amount he deems is due him. Should the evidence heard on the defense of want of jurisdiction establish clearly that this court was improperly entered, so that the defendant would be entitled to ask the court to dismiss plaintiff's case, we see no reason why defendant, following the favorable action upon his motion to dismiss, might not then dismiss without prejudice his counterclaim, and thus gain everything he seeks by his present motion.

The motion is overruled.