### HOME LIFE INS. CO. v. SIPP.

(Circuit Court of Appeals, Third Circuit. March 12, 1926.)

No. 3351.

1. Courts ⊜⟶328(9)—$3,000 cannot be reckoned in excess of itself to give jurisdiction to District Courts, and amount is reckoned exclusive of interest (Judicial Code, § 24 [Comp. St. § 991]).

In construing Judicial Code, § 24 (Comp. St. § 991), giving jurisdiction to district courts in controversies exceeding $3,000, the sum of $3,000 cannot be *held* in excess of itself, and jurisdictional amount is reckoned exclusive of interest.

2. Courts ⊜⟶328(1)—Premium of life insurance policy payable annually is earned when risk attaches, and portion thereof covering period between death and end of year cannot be used to make up jurisdictional amount.

Premium on life insurance policy covering period between death of insured and end of premium year is not recoverable by beneficiary, and cannot be used to raise amount involved in suit on policy to amount within jurisdiction of district court, as premium payable annually is earned the instant risk attaches, and is not returnable thereafter.

3. Courts ⊜⟶328(1)—Portion of premium covering period between death of insured and end of premium year, if recoverable as unearned, goes to insured's estate, and cannot be used by beneficiary, suing on policy, to make up jurisdictional amount.

Portion of premium covering period between death of insured and end of premium year, if recoverable as unearned, goes to insured's estate, and cannot be used by beneficiary to make up jurisdictional amount.

4. Courts ⊜⟶328(7).

Under Judicial Code, § 24 (Comp. St. § 991), filing counterclaim by defendant does not give court jurisdiction of suit not involving jurisdictional amount.

5. Courts ⊜⟶37(3)—Defendant is not estopped to attack jurisdiction of court, as respects amount involved, by filing of counterclaim (Judicial Code, § 24 [Comp. St. § 991]).

Defendant, after filing counterclaim, is not estopped from attacking jurisdiction of court on ground that jurisdictional amount, under Judicial Code, § 24 (Comp. St. § 991), is not involved.

6. Courts ⊜⟶328(7).

Filing counterclaim in amount which of itself, or added to plaintiff's claim, makes up jurisdictional amount, establishes jurisdiction.

7. Courts ⊜⟶328(11).

Jurisdictional amount is determined by what first is demanded, and what pleadings and proof show as sustaining good faith and validity of demand.

8. Courts ⊜⟶328(7)—Counterclaim not filed as basis for affirmative recovery held not to make up jurisdictional amount in suit on $3,-000 insurance policy (Judicial Code, §§ 24, 37 [Comp. St. §§ 991, 1019]).

In suit for $3,000 on life insurance policy, filing of counterclaim for loan on policy, not a basis for affirmative recovery, but only to be deducted from any amount recovered by plaintiff, *held* not to make up jurisdictional amount, under Judicial Code, § 24 (Comp. St. § 991), and suit was dismissible under section 37 (Comp. St. § 1019).

In Error to the District Court of the United States for the District of New Jersey; Joseph L. Bodine, Judge.

Suit by Katharine V. Sipp against the Home Life Insurance Company. Judgment for plaintiff, and defendant brings error. Reversed, and new trial awarded.

Joseph L. Kun, of Philadelphia, Pa., and S. J. Rosenblum and Robert Carey, both of New York City, for plaintiff in error.

Holman & Buchanan (Susan Brandeis, of New York City, of counsel), for defendant in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge. Katharine V. Sipp, the plaintiff, brought this suit, as beneficiary, against the Home Life Insurance Company, the defendant, to recover $3,000, together with interest and costs, on a policy insuring the life of her mother. The defendant pleaded to the merits and (informally, yet certainly) interposed a counterclaim for money loaned on the policy, which, being unpaid, it claimed is deductible from any sum that might be found due. At the trial the defendant made a motion to dismiss the suit for want of jurisdiction, based on section 24 of the Judicial Code (Comp. St. § 991) which confers on district courts jurisdiction "where the matter in controversy exceeds, exclusive of interest and costs, the sum or value of $3,-000," and on section 37 of the Judicial Code (Comp. St. § 1019), which directs that, "if in any suit commenced in a District Court * * * it shall appear * * * at any time after such suit has been brought * * * that such suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of said District Court, * * * the said District Court shall proceed no further therein, but shall dismiss the suit." On denying the motion the learned trial court first thought the plaintiff's claim in the even amount of $3,000 came within the jurisdictional limitation but later took the position, and so charged the jury, that inasmuch as the death of the insured occurred in March, 1919, and suit was brought in October of that year, interest on the principal sum which had accrued between those dates should be treated as principal and be added to the amount named in the policy, and that, together, they exceed the sum of $3,000. Being not entirely satisfied with this ruling in her favor, the plaintiff filed an amendment to her statement, raising her claim to $3,159 by adding to the amount of insurance the unearned premium from the date of the death of the insured to the end of the year for which the premium had been paid. On jurisdiction thus found, the court submitted the case and the plaintiff had a verdict. To the judgment which followed, this writ of error is directed. Passing by many assignments of error, we come directly to the basic one raising the question whether on the pleadings and evidence the plaintiff brought her case within the jurisdiction of the District Court.

[1-3] Construing literally the provision of the statute which gives jurisdiction to district courts "where the matter in controversy *exceeds, exclusive* of interest and costs, the sum or value of $3,000," we hold, of course, that the sum of $3,000 can never be in excess of itself, and that as the jurisdictional amount is reckoned exclusive of interest, an item of interest growing due after the due date of the principal cannot be added to swell the claim and bring it within the statute. Kaufman v. Rheinstrom (C. C.) 188 F. 544; Lazensky v. Supreme Lodge (C. C.) 32 F. 417; Smith v. Greenhow, 3 S. Ct. 421, 109 U. S. 671, 27 L. Ed. 1080; Gilson v. Mutual Reserve (C. C.) 129 F. 1003; Home v. Ray, 69 F. 697; Greene v. Kortrecht, 81 F. 241, 26 C. C. A. 381 (C. C. A. 5th); Moore v. Town of Edgefield (C. C.) 32 F. 498. Moreover, the part of the premium covering the period between the death of the insured and the end of the premium year is not available to raise the amount for the reason, first, that when insurance, as here, is for a specified term— year by year—and where, as here, the premium is paid annually, the premium is earned the instant the risk attaches and is not returnable thereafter, 3 Joyce, Insurance, 2618, § 1420; and, if this is not the law, second, that the unearned part of the premium, if repayable, can not be recovered by the plaintiff beneficiary but will go to the estate of the insured. Jefferson Standard Life Ins. Co. v. McIntyre, 294 F. 886, 888 (C. C. A. 5th).

[4, 5] Finally, the plaintiff maintains that her case is within the jurisdictional amount because of two ways in which the law regards a counterclaim: First, that a defendant who pleads a counterclaim is estopped to deny the jurisdiction of the court on the ground that the amount in dispute is insufficient; and next, that the amount of the counterclaim may be added to the amount of the principal claim and that, when together they exceed the sum of $3,000, the statute is satisfied. In support of the first proposition the plaintiff relies on O. J. Lewis Mercantile Co. v. Klepner, 176 F. 344, 100 C. C. A. 285 (C. C. A. 2d). True the court in that case announced the law as stated and gave as authority Merchants' Heat & Light Co. v. Clow & Sons,

27 S. Ct. 285, 204 U. S. 286, 289, 290, 51 L. Ed. 488. We hesitate to follow the law of Mercantile Co. v. Klepner for the reason that the decision in Merchants' Co. v. Clow, on which it is based, does not, as we read the opinion, sustain it. The latter case concerned the validity of service on the defendant corporation. No other jurisdictional question was raised. The trial court sustained the service and required the defendant to appear and plead. In appearing, it saved the right on appeal to attack the jurisdiction of the court on the service; yet, in pleading, it set up a counterclaim and thus, as the Supreme Court said, "It became a plaintiff in its turn, invoked the jurisdiction of the court in the same action and by invoking submitted to it." What the defendant there did by filing a counterclaim was to submit itself to a court in a case over whose subject-matter the court had jurisdiction. Here we are concerned with the act of a party filing a counterclaim in a case where, because not within the statute, the court did not have jurisdiction of the subject-matter. A party may appear and plead and thereby cure a defective service, but it can not by filing a counterclaim give jurisdiction to a court when a statute denies it jurisdiction. In other words, a defendant's consent to the court's jurisdiction as to amount, signified by the filing of a counterclaim, can not confer jurisdiction,— it is conferred by statute alone; and, similarly, the filing of the counterclaim does not estop the defendant from attacking the jurisdiction on that statutory ground.

[6, 7] On the second proposition courts have said that "when the jurisdictional amount is in question, the tendering of a counterclaim in an amount which in itself, or added to the amount claimed in the petition, makes up a sum equal to the amount necessary to the jurisdiction of this court, jurisdiction is established, whatever may be the state of the plaintiff's complaint." American Sheet & Tin Plate Co. v. Winzeler (D. C.) 227 F. 321, 324. The jurisdictional amount is determined, according to familiar law, not by what later is actually recovered but by what first is demanded and what the pleadings and proofs show as sustaining the good faith and validity of the demand. Peeler v. Lathrop, 48 F. 780, 1 C. C. A. 93; Stillwell-Bierce & Smith-Vaile Co. v. Williamston Oil & Fertilizer Co. (C. C.) 80 F. 68; O. J. Lewis Mercantile Co. v. Klepner, 176 F. 343, 345, 346, 100 C. C. A. 285 (C. C. A. 2d); Schunk v. Moline, Milbourne & Stoddart Co., 13 S. Ct. 416, 147 U. S. 500, 504, 37 L. Ed. 255; Pinel v. Pinel, 36 S. Ct. 416, 240 U. S. 294, 297, 60 L. Ed. 817.

[8] The counterclaim in this case—$423—is not in itself equal to the jurisdictional amount; nor when added to the amount of the plaintiff's demand does it raise the total to the amount the statute requires, for the reason that the counterclaim was pleaded not to recover anything from the plaintiff but merely to be deducted from any amount that might be found due the plaintiff, and particularly to be deducted from an amount which the defendant admits it owes. Joining the figures of the two claims does not make "the matter in controversy" exceed the amount named in the statute because if the counterclaim were ignored by the jury the plaintiff could at most recover the $3,000 sued for (exclusive of interest and costs), which would be just short of the amount necessary for the jurisdiction of the court. At no time and under no arrangement of the figures has the amount in controversy exceeded $3,000. That amount is either precisely $3,000 or something less. Thus it appears the interposition of the counterclaim as a credit claim and as an item to be deducted from the sum that might be found due the plaintiff did not augment the amount in controversy.

As that amount is less than what the statute requires to confer jurisdiction on the District Court, Banking Association v. Insurance Association, 102 U. S. 121, 26 L. Ed. 45, we are constrained to find error in the refusal to dismiss and, accordingly, reverse the judgment and award a new trial in conformity with this opinion.