**SEA–LAND SERVICE, INC., Plaintiff,**

v.

**J & W IMPORT/EXPORT, INC., Defendant.**

**Civil Action No. 96–1908.**

United States District Court, D. New Jersey.

Sept. 5, 1997.

---

**328**

Martin F. Casey, DeOrchis & Partners, Union, NJ, for Plaintiff.

Francis J. Dooley, Orange, NJ, for Defendant.

### OPINION

WOLIN, District Judge.

J & W Import/Export, Inc. ("J & W") hired Sea–Land Services, Inc. ("Sea–Land") to ship containers of garlic for J & W from China to the United States and then to Puerto Rico. J & W claims that Sea–Land improperly stored the garlic and fraudulently misrepresented its ability and willingness to store the garlic properly. J & W filed its complaint in the Superior Court of New Jersey. Sea–Land removed the case to this

Court based on the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C.App. § 1300, *et seq.* J & W demands that the case be tried before a jury. The question presented by J & W's demand is whether J & W lost its right to a jury trial when Sea–Land removed the case to this Court.

### BACKGROUND

On April 22, 1996, J & W filed a Complaint and Jury Demand against Sea–Land in the Superior Court of New Jersey, Law Division, Union County. J & W is a corporation existing and organized under the laws of New Jersey and has its principal place of business in Roselle Park, New Jersey. Sea–Land is a corporation existing and organized under the laws of Delaware with its principal place of business in Dallas, Texas. J & W and Sea–Land entered into an agreement whereby Sea–Land would ship fresh containers of garlic from China to the United States and then to Puerto Rico.

The Complaint contains three counts. Counts I and II allege that Sea–Land breached the contract by improperly shipping the containers of garlic. Count III alleges that Sea–Land fraudulently misrepresented its ability and willingness to transport the garlic in ventilated containers. J & W claims that it suffered $405,000 in damages because of Sea–Land's actions.

On or about April 23, 1996, Sea–Land filed a Complaint in admiralty in the United States District Court for the District of New Jersey pursuant to Rule 9(h) of the Federal Rules of Civil Procedure. Sea–Land claimed that J & W breached their contract by failing to pay the balance of $27,907.50 for services rendered.

On or about May 17, 1997, this Court granted Sea–Land's petition to remove J & W's case from the Superior Court of New Jersey to this Court. Following the removal of the state action, the cases were consolidated.

On July 24, 1997, Magistrate Judge Pisano signed a Final–Pre Trial Stipulation and Order directing the parties to submit briefs on

whether the case should be tried before a jury.

## DISCUSSION

### 1. Federal Right to Jury Trial

The Seventh Amendment to the United States Constitution preserves the right to a jury trial in all suits at common law. This right is at the foundation of our judicial system and the Supreme Court has long endorsed it. *See Dairy Queen, Inc. v. Wood,* 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962); *Beacon Theatres, Inc. v. Westover,* 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959).

### 2. Right to Jury Trial in Admiralty Cases

#### a. Generally

■ "There is no right to jury trial on the admiralty side of the federal court, except as provided by Congress or as required by the Supreme Court in the exercise of its supervisory power over admiralty proceedings." 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2315, at 116 (2d ed.1995); *see, e.g., Simko v. C & C Marine Maintenance Co.,* 594 F.2d 960, 965 (3d Cir.1979) (same), *cert. denied,* 444 U.S. 833, 100 S.Ct. 64, 62 L.Ed.2d 42 (1979). Rule 38(e) of the Federal Rules of Civil Procedure provides: "These rules shall not be construed to create a right to trial by jury of the issues in an admiralty or maritime claim within the meaning of Rule 9(h)."

#### b. The "Savings to Suitors" Clause

■ Twenty-eight U.S.C. § 1333 provides the grant of jurisdiction in admiralty cases:

The district courts shall have original jurisdiction, exclusive of the courts of the States, of: (1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled.

Subsection (1) is referred to as the "saving to suitors" clause and permits plaintiffs who

have in personam actions to file their claims as ordinary civil actions or as admiralty actions. See 14 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3672, at 430 (2d ed.1985). Thus, a plaintiff who sues for breach of a maritime contract has two options: (1) invoke the federal courts' original jurisdiction over admiralty and maritime claims; (2) sue under the "saving to suitors" clause in state court or in a United States district court.[1] *See id.* at 430–33. A claim filed pursuant to the second option, unlike one filed under the first option, can be tried before a jury on demand. *See id.* at 433.

In this case, J & W filed its claim in state court pursuant to the "saving to suitors" clause. No one disputes that J & W had the right to a jury in that forum. The issue before this Court, however, is whether J & W lost its right to a jury trial when Sea–Land removed the case to federal court under the auspices of federal question jurisdiction.

#### c. Removal

Twenty-eight U.S.C. § 1441 permits defendants to remove cases from state courts to United States district courts. Subsection (b) provides in pertinent part: "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties."

■ Despite the broad language of the removal statute, it does not apply to all admiralty cases. In fact, if a plaintiff files a claim in state court pursuant to the "saving to suitors" clause, removal is permitted only if federal question or diversity jurisdiction exists. *See Romero v. International Terminal Operating Co.,* 358 U.S. 354, 371–72, 79 S.Ct. 468, 479–80, 3 L.Ed.2d 368, (1959); 29 James Wm. Moore, et al., *Moore's Federal Practice* § 704.04[2] (3d ed.1997). In other words, admiralty, in and of itself, does not create

---

**1.** To file a claim in district court, a plaintiff must satisfy diversity and the requisite amount in controversy.

federal question jurisdiction so that a claim filed in state court can be removed to a district court. In *Romero, supra,* the Supreme Court explained that permitting the unfettered removal of admiralty cases to federal courts "would make considerable inroads into the traditionally exercised concurrent jurisdiction of the state courts in admiralty matters." 358 U.S. at 372, 79 S.Ct. at 480.

■ Twenty-eight § U.S.C. 1337(a) provides in pertinent part: "The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies." District courts have original jurisdiction over claims arising under COGSA because COGSA regulates commerce.

COGSA provides: "Every bill of lading or similar document of title which is evidence of a contract for the carriage of goods by sea to and from the ports of the United States, in foreign trade, shall have effect subject to the provisions of this chapter." 46 U.S.C.App. § 1300. COGSA extensively governs the responsibilities, liabilities, rights, and immunities of parties who enter into contracts for the carriage of goods by sea. Thus, this Court properly granted removal because federal question jurisdiction exists. *See Puerto Rico v. Sea–Land Serv., Inc.,* 349 F.Supp. 964, 975 (D.P.R.1970) (permitting defendant to remove claim filed pursuant to "saving to suitors" clause because COGSA, among other statutes, created independent grounds of jurisdiction); *but see Superior Fish Co., Inc. v. Royal Globe Ins. Co.,* 521 F.Supp. 437, 441 n. 6 (E.D.Pa.1981) (stating that removal of maritime claim cannot be premised on COGSA).

J & W argues that it is entitled to a jury trial because diversity jurisdiction exists. The Court does not address that argument because Sea–Land removed the case under federal question, not diversity, jurisdiction.

■ As stated *supra,* the "saving to suitors" clause establishes concurrent jurisdiction between United States district courts and state courts. Thus, plaintiffs have the option of filing their claims in federal court under admiralty jurisdiction, in federal court on the "law" side, or in state court. The choice of forum allows plaintiffs to choose the procedures that will be followed in their cases. The Advisory Committee for Rule 9(h) of the Federal Rules of Civil Procedure was acutely aware of the plaintiff's right to a jury trial under the "saving to suitors" clause when it unified the procedural rules for admiralty and civil cases. The Advisory Committee stated:

> One of the important procedural consequences is that in the civil action either party may demand a jury trial.... The unified rules must therefore provide some device for preserving the present power of the pleader to determine whether these historically maritime procedures shall be applicable to his claim or not....

Fed.R.Civ.P. 9(h) advisory committee's note on 1966 amendment.

In this case, J & W filed in state court so that a jury could decide its case. Sea–Land should not be allowed to circumvent plaintiff's choice of forum and procedures by removing the case to federal court. Moreover, Sea–Land should not be able to obtain the more favorable procedures affiliated with an admiralty proceeding. As one commentator states:

> If the case is removed, it is heard on the "law side" of the federal court. As a result, removal does not gain for the defendant the friendlier "admiralty" side rules, such as those concerning venue, interlocutory appeals, third-party practice, and jury trials. The reason for this has to do with the plaintiff's original choice of forum: because it elected to begin its action in a (state) common law court, removal must be to a (federal) common law court.

Moore, *supra,* *Moore's Federal Practice* § 704.04[2].

No court has addressed the issue of whether a plaintiff in an admiralty-related case loses its right to a jury when a case is removed to district court based on federal question jurisdiction. Several courts have, however, concluded that plaintiffs should not lose their right to a jury when cases are removed based on diversity jurisdiction. *See Becker v. Crounse Corp.,* 822 F.Supp. 386, 390 n. 1 (W.D.Ky.1993); *MacFarland v. United States Fidelity & Guarantee Co.,* 818

F.Supp. 108, 111–12 (E.D.Pa.1993); *see also Alleman v. Bunge,* 756 F.2d 344, 345 (5th Cir.1984) ("By removing this action, Bunge could not alter the Allemans' substantive rights or destroy their right to prosecute their action in a common law court."); *Paduano v. Yamashita Kisen Kabushiki Kaisha,* 221 F.2d 615, 619 n. 15 (2d Cir.1955) ("[P]ermitting removal in diversity cases does not justify the inference that Congress, in enacting the 'arising under' provision, was willing ... to transfer the choice of forum in toto from plaintiffs to defendants.").

## CONCLUSION

Thus, the Court holds that J & W did not lose its right to a jury trial when Sea–Land removed the case from state court and that J & W's demand for a jury trial will be granted.

An appropriate Order is attached.

## *ORDER*

In accordance with the Court's Opinion filed herewith,

It is on this 5th day of September, 1997

ORDERED that J & W Import/Export, Inc.'s demand for a jury trial is granted.