WINDSOR MOUNT JOY MUTUAL
INSURANCE COMPANY,
Plaintiff,

v.

Kevin JOHNSON, Defendant/
Third-party Plaintiff,

v.

DLW Enterprises, Inc., Third-
party Defendant.

Civil Action No. 01–2851(MLC).

United States District Court,
D. New Jersey.

May 27, 2003.

Palmer Biezup & Henderson, LLP, (Michael B. McCauley of counsel), Camden, NJ, for Plaintiff.

Andrew M. Moskowitz, South Orange, NJ, for Defendant.

## MEMORANDUM OPINION

COOPER, District Judge.

The plaintiff, Windsor Mount Joy Mutual Insurance Company ("WMJ"), brought this action for a judgment declaring that it need not afford coverage under a policy it issued to the defendant, power-boat owner Kevin Johnson. It invoked the Court's admiralty jurisdiction under 28 U.S.C. § ("Section") 1333 and Federal Rule of Civil Procedure ("Rule") 9(h). Johnson answered, asserted a counterclaim, and demanded a jury trial. WMJ moves to strike Johnson's jury-trial demand because admiralty actions are subject generally to nonjury trials. Johnson cross-moves for leave to amend his pleadings to "updat[e] a few allegations to reflect what has been revealed in discovery" (Br. in Supp. of Cr. Mot. ("Johnson Br.") at 3–4) and invoke the Court's jurisdiction under Section 1332, which affords a jury trial. The Court will (1) grant WMJ's motion, (2) grant the part of Johnson's cross motion seeking to update certain allegations, and (3) deny the part of the cross motion seeking to invoke jurisdiction under Section 1332 as moot.

## BACKGROUND: RELEVANT RULES, STATUTES, and CASE LAW; FACTS; PROCEDURAL HISTORY; and, MOTION PRACTICE

### I. Relevant Rules, Statutes, and Case Law

#### A. Rules 9(h) & 38(e)

Rules 9(h) and 38(e) concern admiralty causes of action. Rule 9(h) states in relevant part:

A pleading or count setting forth a claim for relief within the admiralty and maritime jurisdiction that is also within the jurisdiction of the district court on some other ground may contain a statement identifying the claim as an admiralty or maritime claim for the purposes of Rule ... 38(e).

Rule 38(e) states that the Rules "shall not be construed to create a right to trial by jury of the issues in an admiralty or maritime claim within the meaning of Rule 9(h)."

#### B. Section 1332(a)(1)

Section 1332(a)(1) states:

The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States.

#### C. Section 1333(1)

Section 1333(1) states that federal district courts have original jurisdiction of "[a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled."

#### D. Case Law

■ A party may invoke the Court's admiralty jurisdiction—as WMJ does here—when (1) an insurance policy at issue is maritime in nature, (2) the policy covers damage to and theft of a pleasure boat, and (3) the boat is ashore when the alleged damage or theft occurs. *Sirius Ins. Co. v. Collins*, 16 F.3d 34, 37–38 (2d Cir.1994) (applying admiralty jurisdiction to boat theft occurring ashore); *N. Am. Spec. Ins. Co. v. Bader*, 58 F.Supp.2d 493, 497 (D.N.J.1999) (applying admiralty jurisdiction to pleasure craft); *Com. Union Ins. Co. v. Used Boat Haven*, No. 94–0448, 1996 WL 191960, at *2 (S.D.N.Y. Apr.22, 1996) (denying motion to dismiss for lack of jurisdiction in subrogation action against marina where boat caught fire); *Windsor Mt. Joy Mut. Ins. Co. v. Pozzi*, 832 F.Supp. 138, 140 (E.D.Pa.1993) (apply-

ing admiralty jurisdiction in action concerning marine insurance covering yacht).

## II.  Facts

WMJ is a Pennsylvania corporation. (Compl. at 2.) Johnson is a New Jersey resident.  (*Id.*) The third-party defendant, DLW Enterprises ("DLW"), is a New Jersey insurance agent.  (Ans. at 7.) Johnson applied to WMJ on October 10, 2000, to insure his power boat with DLW's assistance;  WMJ issued the policy on the same day.  (Compl. at 2–3;  11–8–02 McCauley Decl. at 2;  12–6–01 Bosio Decl., Ex. A, 10–10–00 Applic.)  The policy states:

> **Misrepresentation and Fraud.**  This policy shall be void if the Insured has concealed or misrepresented any material fact or circumstance concerning this insurance or subject thereof in case of any fraud, attempted fraud or false swearing by the Insured touching any matter relating to this insurance or the subject thereof, whether before or after a loss.

(*Id.*, Ex. B, Policy at ¶ 9.)

Johnson reported his boat stolen on October 15—five days later—and submitted proof of loss on October 16, 2000.  (Compl. at 3;  Ans. at 9.) WMJ denied coverage in June 2001.  (*Id.* at 10.)

## III.  Procedural History

WMJ brought this action in June 2001, (1) alleging causes of action for breach of contract, fraud, and lack of fortuity, and (2) seeking a judgment declaring that it need not afford coverage under the policy. (Compl.)  It alleged that Johnson (1) asserted in his application that he paid $45,000 for the boat, but paid only $10,000,

(2) asserted falsely that the boat's rebuilt engines were newly built, and (3) left the boat unattended on a trailer by a warehouse early in the morning.  (*Id.* at 2–3.) [1] WMJ invoked the Court's admiralty jurisdiction under Section 1333 and Rule 9(h), and made no demand for a jury trial.  (*Id.* at 1.)

Johnson answered in September 2001 and stated, *inter alia*, that (1) he bought the boat for $10,000 and repaired it, (2) the boat was appraised at $45,000, (3) DLW inaccurately wrote on the application that he bought it for $45,000, and (4) he left the boat by the warehouse expecting a friend to put it inside.  (Ans. at 3, 7–9.)  He asserted a counterclaim against WMJ containing causes of action for breach of contract, indemnification, and breach of covenant of good faith and fair dealing.  (*Id.* at 11–14.)  Johnson also brought a third-party action against DLW.  (*Id.* at 15.)  His pleadings included a demand for a jury trial.  (*Id.* at 18.)  DLW answered in November 2001, and asserted a demand for a jury trial.  (DLW Ans.) Johnson thereafter allegedly recovered the boat, which needed $59,000 in repairs.  (11–8–02 Moskowitz Decl., Ex. A, Proposed Am. Ans. at 11.)

The Magistrate Judge overseeing discovery issued on October 29, 2002, a final pretrial order, which was also signed by the parties.  (Fin.Pretr.Order.) The order noted that WMJ had a pending motion to amend the complaint to add a cause of action under the New Jersey Insurance Fraud Prevention Act ("NJIFPA"), N.J.S.A. § 17:33A, and "will move to strike defendant's jury demand."  (*Id.* at 1.)  It made no mention of any potential cross

---

1.  Johnson first asserted that a certain manufacturer sold him new engines.  (10–16–02 McCauley Decl., Ex. B, 4–5–01 Johnson Dep. at 24–25.)  The manufacturer denied doing so.  (*Id.*, Ex. C, 8–9–02 Dep. at 10–13.)  John-son now asserts that he bought the engines from a distributor he believed was selling the manufacturer's engines.  (*Id.*, Ex. D, 8–13–02 Letter;  Ex. E, 9–11–02 Johnson Dep. at 83–87.)

motion by Johnson. However, Johnson wrote to the Magistrate Judge twice on November 1, 2002, apparently memorializing conversations with the Magistrate Judge's chambers wherein he was advised that he could cross-move to amend his answer to invoke the Court's jurisdiction under Section 1332. (11–1–02 Letters.)

## IV. Motion Practice

WMJ now moves to strike Johnson's jury-trial demand, arguing that it invoked the Court's jurisdiction under Section 1333 and Rule 9(h), and that Johnson may not interfere with its nonjury-trial election. (Br. in Supp. of Mot. ("WMJ Br.") at 3.)[2] WMJ also argues that the Court lacks jurisdiction under Section 1332 because (1) there is not complete party diversity, and (2) the sum at issue is merely $45,000, not more than $75,000. (*Id.* at 6.)

Johnson opposes the motion (Opp. to Mot.) and—more than one year after answering—cross-moves to amend his answer to invoke the Court's jurisdiction under Section 1332 and "updat[e] a few allegations to reflect what has been revealed in discovery." (Johnson Br. at 2–4.) He argues that (1) WMJ will not be prejudiced by the proposed amendments, and (2) a party may invoke jurisdiction under Section 1332 in an admiralty action under the savings-to-suitors clause of Section 1333. (*Id.* at 4–5.) As to the amount-in-controversy threshold, he argues that (1) he seeks to recover $45,000 in damages, (2) WMJ could recover $30,000 for costs, fees, and treble damages under its NJIFPA cause of action, and (3) these amounts exceed $75,000 when totaled. (*Id.* at 9–10.)

Johnson, as to the second part of the cross motion, fails to list the allegations he seeks to update, leaving it to the Court to compare his original answer with the proposed amended answer. Johnson apparently seeks to delete an assertion that WMJ approved the policy before his application was complete, and add assertions that (1) DLW showed him only one side of the two-sided application, (2) misrepresentations as to the engines' provenance were due to misinformation provided by another person, (3) a particular person with DLW completed the application, and (4) he recovered the boat in February 2002, and it required $59,000 in repairs. (Ans. at 2, 4, 8–10; Proposed Am. Ans. at 2–4, 9–11.) WMJ argues in response to the cross motion that it "will stipulate that its Amended Complaint does not seek damages in excess of $75,000." (Opp. to Cr. Mot. at 4, n. 2.)

The Magistrate Judge, while the above-discussed motion and cross motion were pending, granted WMJ's separate motion to amend the complaint. (11–14–02 Order). The amended complaint was filed on December 2, 2002, and included a cause of action under NJIFPA. (Am. Compl. at 5.)

## DISCUSSION: STRIKING THE JURY-TRIAL DEMAND; INVOKING JURISDICTION UNDER SECTION 1332; and, UPDATING ALLEGATIONS

## I. Striking The Jury–Trial Demand

The Seventh Amendment—which preserves the right to a jury trial as it existed at common law—does not apply to admiralty actions; there was no common law right to a jury trial in such actions. *Fitz-*

---

**2.** WMJ states that "the majority of courts" hold that a Rule 9(h) election precludes a defendant from obtaining a jury trial on a closely-intertwined counterclaim, and cites Moore's Federal Practice. (WMJ Br. at 4.) However, the cited passage states that "[s]everal courts" have so held, and that other courts have held to the contrary. 8 Moore's Federal Practice, § 38.32(1)(b).

*gerald v. U.S. Lines Co.,* 374 U.S. 16, 20, 83 S.Ct. 1646, 10 L.Ed.2d 720 (1963); *Craig v. Atl. Richfield Co.,* 19 F.3d 472, 475 (9th Cir.1994).[3] There are circumstances, however, where an action falling under the Court's admiralty jurisdiction may be afforded a jury trial. For instance, when a plaintiff may invoke either admiralty jurisdiction or jurisdiction under Section 1332 as to the same cause of action, admiralty procedure will be followed only if the complaint so declares. *Cooper v. Loper,* 923 F.2d 1045, 1048 (3d Cir.1991). Also, there are statutes conferring the right to a jury trial on certain causes of action that were once solely within the Court's admiralty jurisdiction. *See, e.g.,* 46 U.S.C.App. § 688 (concerning Jones Act, which covers claims by injured seamen). Nevertheless, an action wherein the plaintiff properly invokes admiralty jurisdiction under Section 1333 is resolved generally, if necessary, in a nonjury trial. Fed.R.Civ.P. 9(h), 38(e); *In re Barsch,* No. 91–2170, 1993 WL 738580, at *2 (D.N.J. Mar.1, 1993) (concerning Limitation of Vessel Owner's Liability Act ("LVOLA"); claimants' motion for jury trial denied).

■ WMJ brought this action first and properly invoked the Court's admiralty jurisdiction. Thus, its Rule 9(h) election for a nonjury trial is protected expressly by Rule 38(e). *Foulk v. Donjon Marine Co.,* 182 F.R.D. 465, 474–75 (D.N.J.1998). It cannot be undone by Johnson through the assertion of a counterclaim that might have been subject to the Court's jurisdic-

tion under Section 1332 and a jury trial if brought in a separate action. *St. Paul Fire & Marine Ins. Co. v. Holiday Fair,* No. 94–5707, 1996 WL 148350, at *2 (S.D.N.Y. Apr.2, 1996) (granting insurer's motion to strike counterclaimant's jury-trial demand in admiralty action for judgment declaring no coverage provided). Therefore, the Court will grant WMJ's motion to strike Johnson's jury-trial demand.

It is unclear if Johnson seeks a jury trial on all issues or a severance as to his counterclaim. (Opp. to Mot.; Johnson Br.) The former option, as discussed above, would undo WMJ's Rule 9(h) election and will not be sanctioned by the Court. The latter option is rejected as being untenable, as WMJ's causes of action and Johnson's counterclaim will be resolved based on the same closely-intertwined facts. *Harrison v. Flota Mercante Grancolombiana,* 577 F.2d 968, 987 (5th Cir.1978) (affirming part of order denying party's jury-trial demand).[4] In actions

> [w]here ... both parties, using different triers of fact, could prevail on their respective claims without prejudicing the other party or arriving at inconsistent results, a trial judge may separate the claims in the interests of preserving constitutional rights, clarity, or judicial economy.

*Koch Fuels v. Cargo of 13,000 Barrels of No. 2 Oil,* 704 F.2d 1038, 1042 (8th Cir. 1983) (affirming judgment directing separate trials for wrongful-conversion admi-

---

**3.** "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law." U.S. Const. amend. VII.

**4.** *See Clarendon Am. Ins. Co. v. Rodriguez,* No. 99–1623, 1999 WL 33218159, at *2 (D.P.R.

Oct.4, 1999) (granting motion by plaintiff maritime insurer to strike counterclaimant's jury-trial demand); *Royal Ins. Co. of Am. v. Hansen,* 125 F.R.D. 5, 9 (D.Mass.1988) (denying part of defendant's motion to add jury-trial demand to answer and counterclaim in admiralty action for judgment declaring insurer need not cover yacht damages).

ralty claim and breach-of-contract counter-claim). That is not the case here. Either WMJ will prevail in full—thereby avoiding coverage-or Johnson will prevail in full—thereby recovering the policy amount. Separate trials would be duplicative and wasteful, and could lead to inconsistent results.

Perhaps Johnson would be entitled to a jury trial if he had brought an action before WMJ did so and demanded a jury trial therein. In *Sea–Land Service v. J & W Import/Export,* 976 F.Supp. 327 (D.N.J. 1997), J & W Import/Export (J & W) brought a breach-of-shipping-contract action against Sea–Land Service (SLS) in state court, and filed a jury-trial demand. *Id.* at 328. SLS then brought an admiralty action against J & W on the same subject matter in federal court. SLS removed the state action by invoking original jurisdiction based on the Carriage of Goods by Sea Act, 46 U.S.C.App. §§ 1300–1315, and the two actions were consolidated. *Id.* The *Sea–Land* court granted J & W's jury-trial demand in the now-consolidated federal action, holding that "J & W filed in state court so that a jury could decide its case," and that SLS "should not be allowed to circumvent [J & W's] choice of forum and procedures by removing the case to federal court." *Id.* at 330. Here, WMJ filed an action first, and is thus entitled to elect the procedure to be followed. *Jefferson Ins. Co. of N.Y. v. Me. Offshore Boats,* No. 01–44, 2001 WL 484040, at *1 (D.Me. May 7, 2001) (noting distinction where party seeking jury trial or party seeking nonjury trial sues first).

A party, in *Blake v. Farrell Lines,* 417 F.2d 264 (3d Cir.1969), brought an action to recover damages for personal injuries in federal court. A second party then commenced an indemnity action in federal court and invoked admiralty jurisdiction. *Id.* at 264–65. The district court consoli-dated the two actions, and ordered that all factual issues be tried to a jury. *Id.* at 265. The *Blake* court affirmed that order, reasoning that:

> in special situations of trial consolidation of closely related actions or claims, one attended by a right to jury trial and the other not, a court may, in the interest of the efficient and expeditious administration of justice, require that both be submitted to a jury for decision upon disputed factual issues.

*Id.* at 266.

But the Court of Appeals clarified the *Blake* decision twenty-eight years later, stating that it affirmed the district court's order because "the personal injury suit was filed first and was a necessary predicate to the indemnity suit." *Newfound Mgmt. Corp. v. Lewis,* 131 F.3d 108, 117 (3d Cir.1997) (concerning first-commenced equity action to quiet title consolidated with later-commenced trespass action). The opposite is true here. WMJ started the dispute by denying coverage, and brought its admiralty causes of action—and made a Rule 9(h) election—first. Thus, it is entitled to determine the character of the litigation. *Barsch,* 1993 WL 738580, at *2 (denying claimants' motion for jury trial, as not situation where claimant commenced action in state court with jury-trial demand first and then forced into federal court); *see Wm. P. Brooks Constr. Co. v. Guthrie,* 614 F.2d 509, 511 (5th Cir.1980) (affirming denial of counterclaimant's motion for jury trial in response to admiralty claim); *Norwalk Cove Marina v. S/V ODYSSEUS,* 100 F.Supp.2d 113, 114 (D.Conn.2000) (granting motion by plaintiff, which brought admiralty cause of action, to strike jury-trial demand by counterclaimant bringing, *inter alia,* cause of action for breach of contract). A denial of WMJ's motion would "emasculate the elec-

tion given to [WMJ] by Rule 9(h)." *Harrison,* 577 F.2d at 987.[5]

An insurer's action for a judgment declaring that it need not provide coverage under a policy "is a normal and orderly procedure." *St. Paul Fire,* 1996 WL 148350, at *2. Thus, the Court will not be encouraging parties to engage in an unseemly "race to the courthouse" in granting WMJ's motion. *Id.*[6]

## II. Invoking Jurisdiction under Section 1332

The part of Johnson's cross motion seeking leave to amend his pleadings to invoke the Court's jurisdiction under Section 1332, and thus be entitled to a jury trial, will be denied as moot. As discussed *supra,* Johnson is not afforded a jury trial on his counterclaim even if it could be brought under Section 1332, as this action is subject to WMJ's Rule 9(h) election. It does not appear, in any event, that the Court would have jurisdiction under Section 1332 over the counterclaim.

There is—contrary to WMJ's argument (Opp. to Cr. Mot. at 4–5)—complete diversity between the parties in the main action. WMJ is a Pennsylvania citizen and Johnson is a New Jersey citizen. 28 U.S.C. § 1332(a)(1). The Court has supplemental jurisdiction over the third-party action against DLW. 28 U.S.C. § 1367.

■ But it does not appear that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." 28 U.S.C. § 1332(a). WMJ "will stipulate that its Amended Complaint does not seek damages in excess of $75,000" (Opp. to Cr. Mot. at 4, n. 2), and Johnson seeks to recover approximately $45,000. Neither claim, standing alone, exceeds the $75,000 threshold. *See Imperial Spirits v. Trans Marine Int'l Corp.,* No. 98–5469, 1999 WL 172292, at *2 (D.N.J. Feb.17, 1999) (granting motion to remand where plaintiff asserted relief would not exceed $75,000; held mere possibility of damages exceeding $75,000 insufficient); *Singer v. State Farm Mut. Auto. Ins. Co.,* 785 F.Supp. 510, 512 (E.D.Pa.1992) (remanding action; "inconceivable" that plaintiff could recover punitive damages necessary to bridge amount-in-controversy gap).

Johnson's argument that the Court should consider the total of the sums that the parties seek to recover is without merit. Johnson relies on *Home Life Insurance Co. v. Sipp,* 11 F.2d 474 (3d Cir.1926), presenting that case in the following manner:

> *Home Life Ins. Co. v. Sipp,* 11 F.2d 474, 476 (3d Cir.1926) (stating that **where "the tendering of a counterclaim in an amount which in itself, *or added to the amount claimed in the [initial pleading],* makes up a sum equal to the amount necessary to the jurisdiction of this court, jurisdiction is established."**) (emphasis added).

(Johnson Br. at 7–8.) However, that language in *Sipp* is tempered by the preceding phrase "courts have said that . . . ," and

---

**5.** The Court declines to follow contrary authority. *See, e.g., Wilmington Tr. v. U.S. Dist. Ct.,* 934 F.2d 1026 (9th Cir.1991) (directing jury trial for counterclaim brought in response to admiralty cause of action; holding one party's election to proceed in admiralty does not deprive other party of jury trial; rejecting *Ins. Co. of N. Am. v. Virgilio,* 574 F.Supp. 48 (S.D.Cal.1983), cited by WMJ herein).

**6.** The issue of whether the third-party action may be subject to a jury trial is not before the Court. It appears, however, that Johnson's third-party causes of action are closely intertwined with the main action, and thus should be tried simultaneously, if necessary, before the same trier of fact.

is quoted from an Ohio district court case. *Id.* (citing *Am. Sheet & Tin Plate Co. v. Winzeler,* 227 F. 321 (N.D.Ohio 1915)). Also, in finding that the amount-in-controversy threshold had not been met, the *Sipp* court stated, "At no time and under no arrangement of the figures has the amount in controversy exceeded [the required amount]." *Id.* Here, either Johnson will recover on the policy—$45,000—or WMJ will prevail and perhaps recover on its NJIFPA cause of action—arguably $30,000. It is not possible that both Johnson and WMJ will recover the sums they seek, and thus they cannot be added together to meet the $75,000 threshold. Johnson's reliance on *Spectacor Management Group v. Brown,* 131 F.3d 120 (3d Cir.1997) is also misplaced, as it addressed whether a compulsory counterclaim standing alone was sufficient to meet the jurisdictional threshold. *Id.* at 121–26.

### III.   Updating Allegations

The Court will grant the part of the cross motion seeking leave to amend the pleadings to update certain factual allegations. "[L]eave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). The Court will allow these particular amendments, as the Court can discern no prejudice that WMJ or DLW will suffer thereby. *See Lorenz v. CSX Corp.,* 1 F.3d 1406, 1414 (3d Cir.1993) (stating prejudice to nonmovant is touchstone for denying motion to amend). In addition, WMJ does not appear to oppose that part of the cross motion. (See Opp. to Cr. Mot.) [7]

### CONCLUSION

WMJ's motion will be granted. Johnson's cross motion will be granted to the extent that it seeks to update certain fac-

tual allegations in his pleadings, and otherwise denied as moot.

An appropriate order accompanies this memorandum opinion.

---

7.   The result would have been the same if the Court had addressed that part of the cross motion as being, in effect, for leave to amend a final pretrial order. *See* Fed.R.Civ.P. 16(e); *Pharm. Sales & Cons. Corp. v. J.W.S. Delavau Co.,* 59 F.Supp.2d 408, 411–12 (D.N.J.1999).