**SUPERIOR FISH CO., INC.**

v.

**ROYAL GLOBE INSURANCE CO. and Jugolinija and Insurance Company of North America.**

Civ. A. No. 80–4473.

United States District Court, E. D. Pennsylvania.

Sept. 9, 1981.

438

Kenneth S. Siegel, Malis, Tolson & Malis, Philadelphia, Pa., for plaintiff Superior Fish.

Robert F. Russell, Palmer, Biezup & Henderson, Philadelphia, Pa., for defendant Jugolinija.

R. Thomas McLaughlin, Kelly, Harrington, McLaughlin & Foster, Philadelphia, Pa., for defendant Royal Globe.

Harry G. Mahoney, Deasey, Scanlan & Bender, Ltd., Philadelphia, Pa., for defendant INA.

## OPINION

LUONGO, District Judge.

Plaintiff, Superior Fish Co., Inc. (Superior Fish), initially brought this removed action in the Philadelphia Court of Common Pleas seeking to recover damages for the value of a shipment of eels which spoiled while being transported from Glassboro, New Jersey, to Trieste, Italy. Named as defendants are Royal Globe Insurance Company (Royal Globe), which issued an insurance policy to plaintiff allegedly covering this loss; Jugolinija, the Yugoslav organization which operates the ship that transported the eels to Trieste; and Insurance Company of North America (INA), the insurer of Burgmeyer Brothers, Inc., the firm that transported the eels from Glassboro to Baltimore, Maryland, where they were loaded upon ship. Plaintiff proceeded directly against INA because Burgmeyer is currently involved in bankruptcy proceedings and cannot be sued because of the automatic stay provision of the Bankruptcy Code, 11 U.S.C. § 362.

INA has filed a motion to dismiss for failure to state a claim upon which relief can be granted, F.R.Civ.P. 12(b)(6), on the ground that plaintiff does not have a right of direct action against it as a matter of law. Upon initial consideration of that motion I noted that there appeared to be no independent grounds of subject matter jurisdiction over plaintiff's claim against INA and that, therefore, there were serious questions as to whether there was removal jurisdiction in this case. 28 U.S.C. § 1441. After an informal in-chambers conference the parties[1] submitted memoranda of law on the related issues of removal and subject matter jurisdiction. After consideration of these memoranda I conclude that there is no removal jurisdiction in this court and the entire case will be remanded to the Philadelphia Court of Common Pleas. 28 U.S.C. § 1447.

The jurisdictional problems in this case are caused by the fact that INA and plaintiff are both citizens of Pennsylvania and plaintiff's claim against INA is a state law claim based either on Pennsylvania's direct action statute, 40 P.S. § 117, or on a theory that it is a third-party beneficiary of the insurance contract between INA and Burgmeyer.[2] Accordingly, no independent grounds of original subject matter jurisdiction over the claims against INA are present. The parties supporting jurisdiction in this case, Jugolinija and Royal Globe, assert that, despite the absence of independent grounds of jurisdiction over the claims against INA, jurisdiction is proper because the provisions of the general removal statute, 28 U.S.C. § 1441, have been satisfied.

The removal statute provides:

(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the

---

1. INA did not attend the conference. It has, however, submitted a letter to the court stating that it has no preference as to where this case is heard. Accordingly, it has chosen not to submit a memorandum on the jurisdictional question.

    Although it attended the conference, plaintiff has similarily not addressed the jurisdictional question. Instead, it has informed the Court that it has no objection if the case is remanded. Considering plaintiff's initial choice of a state forum, its position comes as no surprise.

2. In its memorandum Royal Globe asserts, in an offhanded manner, that plaintiff's claim against INA is a federal question within the district court's original jurisdiction, 28 U.S.C. § 1331, because it involves Burgmeyer's trans-

port of goods in interstate commerce, a fact which may implicate the Carmack Amendment, 49 U.S.C. § 11707. I reject this contention. Plaintiff's claim against INA is based either on Pennsylvania's direct action statute, 40 P.S. § 117, or on a contract theory, which are clearly state law claims. The fact that resolution of these claims may involve some consideration of the Carmack Amendment does not make them federal questions. *See Trent Realty Associates v. First Federal Savings and Loan Association*, 657 F.2d 29 (3d Cir. 1981). "For original federal question jurisdiction there must be a 'substantial claim founded "directly" upon federal law.'" *Id. quoting* Miskin, The "Federal Question" in the District Courts, 53 Colum.L.Rev. 157, 168 (1953).

district court of the United States for the district and division embracing the place where such action is pending.

(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

(c) Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

The removal petition filed by Jugolinija and Royal Globe[3] states that removal of this case is pursuant to § 1441(b). Specifically, they assert that "[p]laintiff's complaint sets forth a claim or cause of action against the petitioners of which this Court has original jurisdiction founded on a claim or right arising under the Constitution, treaties, or laws of the United States within the meaning of 28 U.S.C. § 1441(b), in that the allegations of the Complaint constitute an Admiralty and Maritime claim under the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and are within the Admiralty and Maritime jurisdiction of the Unit-

ed States and of this Honorable Court." (Petition for Removal ¶ 3). Apparently the removing defendants contend that plaintiff's claims against them are maritime because they stem from the ocean transport of the eels. Although not stated in their petition, Royal Globe and Jugolinija now also contend that the claims against Royal Globe and Jugolinija are separate and independent from the claim against INA and that, therefore, removal is also proper under § 1441(c).

## I. § 1441(b)

It is now well settled that maritime claims, as such, are not claims that arise under the "Constitution, treaties or laws of the United States." *Romero v. International Terminal Operating Company*, 358 U.S. 354, 79 S.Ct. 468, 3 L.Ed.2d 368 (1958). In *Romero* the Court considered the scope of the "arising under" clause of the general federal question jurisdiction statute, 28 U.S.C. § 1331. However, its holding that maritime claims are not encompassed within § 1331, is equally applicable to the "arising under" clause of 28 U.S.C. § 1441(b). *Eastern Steel & Metal Company v. Hartford Fire Insurance Company*, 376 F.Supp. 763, 765 (D.Conn.1974). The rationale underlying the Court's decision in *Romero* was that if maritime claims "arose under" the laws of the United States, defendants, by use of the removal statute, could eviscerate the traditional choice of maritime plaintiffs to elect a state law forum and remedy under the "savings to suitors clause" of the admiralty jurisdiction statute. 28 U.S.C. § 1333.[4] Writing for the Court, Justice Frankfurter stated:

> The district courts shall have original jurisdiction, exclusive of the courts of the States, of:
> (1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled.

Jugolinija and Royal Globe concede, as they must, that plaintiff's claims are not within the exclusive admiralty jurisdiction but rather are "saving to suitors" claims. If plaintiff's claim had been within § 1333, I would be required to dismiss the case as the state court would never have had jurisdiction to start. *See Eastern Steel & Metal Company v. Hartford Life Insur-*

---

**3.** INA's failure to join in the removal petition raises serious questions concerning removal procedure under 28 U.S.C. § 1446(b). Because of the lack of jurisdiction in this case, I need not address this issue. It should be noted that neither INA nor plaintiff object to removal and both of these parties have conducted discovery. Accordingly, any defects in the manner of removal may have been waived. *See generally Anuzelli v. Carey Canadian Mines Ltd.*, slip op. No. 81–115, (E.D.Pa., June 4, 1981); 1A Moore's Federal Practice, ¶ 0.157[1] (2d ed. 1980).

**4.** 28 U.S.C. § 1333 provides, in pertinent part:

[T]he historic option of a maritime suitor pursuing a common-law remedy to select his forum, state or federal [pursuant to the savings to suitors clause], would be taken away by an expanded view of § 1331, since savings clause actions would then be freely removable under § 1441 of Title 28. The interpretation of the Act of 1875 [28 U.S.C. § 1331] contended for would have consequences more deeply felt than the elimination of a suitor's traditional choice of forum. By making maritime cases removable to the federal courts it would make considerable inroads into the traditionally exercised concurrent jurisdiction of the state courts in admiralty matters—a jurisdiction which it was the unquestioned aim of the saving clause of 1789 to preserve.... The role of the States in the development of maritime law is a role whose significance is rooted in the Judiciary Act of 1789 and the decisions of this Court. Recognition of the part the states have played from the beginning has a dual significance. It indicates the extent to which an expanded view of the Act of 1875 would eviscerate the postulates of the savings clause, and it undermines the theoretical basis for giving the Act of 1875 a brand new meaning.

358 U.S. at 371–372, 79 S.Ct. at 479–480 (footnotes omitted).

Accordingly, in light of *Romero*, it is now clear that absent an independent ground of federal jurisdiction, maritime claims are not removable under 28 U.S.C. § 1441(b). *See, e. g., Eastern Steel & Metal Company v. Hartford Fire Insurance Company*, 376 F.Supp. 763, 765 (D.Conn.1974); *Chambers-Liberty Counties Navigation District v. Parker Brothers & Company*, 263 F.Supp. 602, 605 (D.Tex.1967); 1A Moore's Federal Practice, ¶ 0.167[3.–1] at 373 & n.11 [2d ed. 1981].

■ Review of the complaint fails to reveal an independent ground of federal jurisdiction which would allow removal of the entire case under § 1441(b). Although there is diversity of citizenship between plaintiff, Royal Globe and Jugolinija, the entire case is not removable on diversity grounds. The absence of complete diversity, occasioned by the presence of INA, makes this case fall outside the original diversity jurisdiction of the federal courts, 28 U.S.C. § 1332,[5] and accordingly, the case does not meet the original jurisdiction prerequisite of § 1441(b). Nor are there any other independent jurisdictional grounds supporting § 1441(b) removal.[6]

*ance Company, supra*, 376 F.Supp. at 764. Removal jurisdiction is derivative and the federal court does not obtain jurisdiction unless the state court had jurisdiction. *See, e. g., Trent Realty Associates v. Norstar Realty Corporation*, slip op. No. 79–1688 (3d Cir., Aug. 17, 1981); *Gleason v. United States*, 458 F.2d 171, 174 (3d Cir. 1972); *Stapleton v. $2,438,110*, 454 F.2d 1210 (3d Cir.), *cert. denied sub nom. Stapleton v. United States*, 409 U.S. 894, 93 S.Ct. 111, 34 L.Ed.2d 151 (1972).

5. Any argument that the presence of diversity between plaintiff and two of the three defendants supports hearing the claim against INA under the doctrine of pendent party jurisdiction, has been clearly foreclosed. *See Owen Equipment & Erection Company v. Kroger*, 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978).

6. Royal Globe also asserts that although not specifically mentioned in the complaint, plaintiff's claims against Jugolinija implicate both the Carriage of Goods by Sea Act, 46 U.S.C. § 1300, *et seq.*, and/or the Harter Act, 46 U.S.C. § 190, *et seq.* Assuming that the complaint states such claims, the problems created

by the lack of subject matter jurisdiction over INA are not cured and removal is still not proper under 28 U.S.C. § 1441(b).

A number of courts have permitted removal of statutory maritime claims on the grounds that they are acts regulating commerce, and fall within the original jurisdictional grant of 28 U.S.C. § 1337. Accordingly, these claims are deemed to have an independent ground of federal jurisdiction. *See, e. g., Puerto Rico v. Sea-Land Service, Inc.*, 349 F.Supp. 964, 973–75 (D.P.R.1970); *Crispin Company v. Lykes Brothers Steamship Co.*, 134 F.Supp. 704 (S.D. Tex.1955). The validity of these holdings, however, are suspect in light of *Romero's* strong policy against the evisceration of the "savings to suitors" clause through a liberal approach to removal. The holding in *Romero*, that maritime claims do not arise under the laws of the United States, is equally applicable to federal statutory maritime claims as well as "common-law" claims. *See Eastern Steel & Metal Co. v. Hartford Fire Insurance Co., supra*, 376 F.Supp. at 765. Accordingly, the use of 28 U.S.C. § 1337 to avoid the reach of *Romero* has been questioned. *See Pacific Agencies, Inc. v. Colen*

## II.  § 1441(c)

■ Although not stated in the removal petition, Royal Globe and Jugolinija also contend that removal of the entire case is proper under § 1441(c),[7] which allows removal of the entire case when a separate and independent claim which would be removable if sued on alone, is joined with a non-removable claim.  In the instant case, if Royal Globe and Jugolinija had been sued alone there would be no removal problem as there would be original jurisdiction on the basis of diversity.[8]  It must be determined, therefore, whether the claims against either of these parties are separate and independent from the claims against INA.

The separate and independent claim language of § 1441(c) was analyzed by the Supreme Court in *American Fire & Casualty Company v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951).  In *Finn*, a case removed to federal court under § 1441(c), plaintiff brought suit against two insurance companies, which were of diverse citizenship, and the companies' non-diverse mutual agent, seeking damages for loss of property due to a fire.  The Supreme Court reversed the judgment rendered in plaintiff's favor on the grounds that the case was not properly removed under § 1441(c) because the claims made were not separate and independent.  The court stated "that where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent cause of action

& *Villalon, Inc.*, 372 F.Supp. 62, 64 (D.P.R. 1973).

Resolution of that question must await another day.  The only way that the presence of the Carriage of Goods by Sea Act and Harter Act claims against Jugolinija could accomplish removal of the claims against INA under § 1441(b) would be through application of the doctrine of pendent party jurisdiction.  Neither of the removing defendants make any assertion that I engage in the "subtle and complex" [*see Aldinger v. Howard*, 427 U.S. 1, 27, 96 S.Ct. 2413, 2426, 49 L.Ed.2d 276 (1975)] analysis of whether the congressional grant of jurisdiction over acts regulating commerce, 28 U.S.C. § 1337, also grants the power for the exercise of pendent party jurisdiction.  Suffice it to say that, in light of the fact that there is concurrent jurisdiction over these claims in the state courts, I have serious doubts that I have the power to exercise such jurisdiction, [*see Aldinger v. Howard*, 427 U.S. at 18, 96 S.Ct. at 2422], or, if I do have the power, whether I should exercise my discretion to hear the claims against INA.  Because there is no assertion that § 1337 supports pendent party jurisdiction over INA, there is no basis for federal question removal of the entire case under § 1441(b).

7.  For the text of 28 U.S.C. § 1441(c), *see* p. 3, *supra*.

8.  No jurisdictional problem would be created by the removal of the non-diverse claim against INA under § 1441(c).  The requirement of complete diversity, *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806), is a statutory requirement, 28 U.S.C. § 1331.  As long as there is diversity between plaintiff and one defendant, *i. e.*, minimal diversity, a case removed pursuant to § 1441(c) is within the constitutional subject matter jurisdiction of the federal courts.  *See State Farm Fire & Casualty Co. v. Tashire*, 386 U.S. 523, 531 & n.7, 87 S.Ct. 1199, 1204 & n.7, 18 L.Ed.2d 270, 1A Moore's Federal Practice, *supra*, at ¶ 0.163[2].

The removing defendants misapprehend this fact.  Royal Globe contends that plaintiff's purported Harter Act and Carriage of Goods by Sea Act claims are separate and independent claims and, therefore, because they are asserted admiralty claims within 28 U.S.C. § 1333, pendent party jurisdiction is appropriate.  *See Leather's Best, Inc. v. S.S. Mormaclynx*, 451 F.2d 800 (2d Cir. 1971); *Wood v. Standard Products Co., Inc.*, 456 F.Supp. 1098, 1103 (E.D. Va.1978).  Because, however, in the instant case there is minimal diversity, any discussion of pendent party jurisdiction is unnecessary under § 1441(c).  Further, plaintiff's maritime claims, because they are removed savings to suitors clause claims, are not within 28 U.S.C. § 1333 and, therefore, the exclusive nature of that jurisdictional grant, which has in some cases served as the predicate for the exercise of pendent party jurisdiction, is simply not involved in the instant case.  *See Wood v. Standard Products Co., Inc., supra*, 456 F.Supp. at 1103; *Morse Electro Products Corporation v. S.S. Great Pease*, 437 F.Supp. 474, 485 (D.N.J. 1977).

The argument that the statutory claims support pendent party jurisdiction only arises in the context of whether the claim against INA is within the original federal question jurisdiction of the federal courts and is, therefore removable under § 1441(b).  As indicated, resolution of that issue entails an inquiry into the scope of the jurisdictional grant of 28 U.S.C. § 1337 and neither of the removing defendants has addressed this issue.  *See* note 6, *supra*.

under § 1441(c)." 341 U.S. at 14, 71 S.Ct. at 540 (footnote omitted).

█ A review of plaintiff's complaint, which controls [*id.*], establishes that the claims against Royal Globe and Jugolinija are not separate and independent from the claim against INA and, therefore, the entire case is not removable under § 1441(c). Although it has stated five separate counts, plaintiff essentially seeks recovery for a single injury, the loss of its eels. It names different defendants because, at this point, it is simply unable to ascertain how the damage occurred. Plaintiff's claims against INA and Jugolinija (counts III, IV and V) allege that the injury to the eels was caused either by Jugolinija, or INA (through Burgmeyer), or both. The fact that INA's liability is predicated on the truck transport of the eels by land and Jugolinija's on the ship transport, does not make these separate and independent claims since they are clearly related factually and stem from the same transaction—the shipment of the eels. Indeed, the relationship between the claims against INA and Jugolinija is illustrated by the fact that in count V of the complaint plaintiff alleges that these parties are jointly and severally liable for its injury, an allegation which dictates a finding that the claims are not separate and independent. *See American Fire & Casualty Company v. Finn, supra,* 341 U.S. at 13–14 & n.13, 71 S.Ct. at 540 & n.13. *See generally* 14 Wright & Miller, Federal Practice and Procedure, § 372 at 629 (1976 & Supp.).

The only claims that are arguably separate and independent from the claim against INA are those against Royal Globe. Plaintiff states two counts against Royal Globe, one, a claim in "Assumpsit" seeking payment under the insurance contract, and another in "Trespass", sounding in tort, seeking damages to its business occasioned by Royal Globe's alleged failure to pay under the contract. Despite the fact that Royal Globe's liability to plaintiff is based on a contract, I am not persuaded that it is separate and independent from the claims

against Jugolinija and INA. No matter how one views the claims against Royal Globe, both claims seek to recover for the loss of the eels, the same injury for which plaintiff seeks to recover from INA and Jugolinija.

In count I, plaintiff seeks to be paid for the loss of the eels under the policy, again the same injury claimed against INA and Jugolinija on counts III and IV. The claim in count II, for wrongful refusal to pay under the policy, seeks the same damages for loss of profits and loss of business that is sought against Jugolinija and INA in count V. When all of the counts of the complaint are viewed together, therefore, it is apparent that plaintiff is alleging that these defendants are alternatively liable for the single injury it suffered when the shipment was damaged. Under *Finn* these claims are not separate and independent.

The cases cited by Jugolinija are not to the contrary. None of them involve the situation in the instant case where plaintiff seeks recovery for a single injury. *See, e.g., Climax Chemical Company v. C.F. Braun & Co.,* 370 F.2d 616 (10th Cir. 1966), *cert. denied,* 386 U.S. 981, 87 S.Ct. 1287, 18 L.Ed.2d 231 (1967) (where plaintiff brought claims against contractors of components of a single unit for failure of each component to perform, the claims were separate and independent as injury to each component was a distinct loss); *Crosby v. Paul Hardeman, Inc.,* 414 F.2d 1 (8th Cir. 1969) (plaintiff's claim against diverse plaintiffs were for a loss occasioned prior to the loss caused by non-diverse defendants); *Greenshields v. Warren Petroleum Company,* 248 F.2d 61 (10th Cir. 1957), *cert. denied,* 355 U.S. 907, 78 S.Ct. 334, 2 L.Ed.2d 262 (1957) (complaint against non-diverse party involved conduct which caused a "different result" than the claim against diverse parties).

Accordingly, in the instant case, where plaintiff is suing for a single injury arising out of a series of interlocked transactions, removal is improper under § 1441(c). Because removal is similarly improper under

§ 1441(b), the entire case will be remanded. 28 U.S.C. § 1447.[9]

---

**9.** Jugolinija has also addressed the question of whether INA could have been joined as a third party defendant pursuant to F.R.Civ.P. 14(c) if the case had originally been brought within the admiralty jurisdiction. Resolution of that issue is not warranted as that situation is simply not before me. In any event because there has been no removal to admiralty in the instant case, but, rather, an attempted removal of a maritime claim under the savings to suitors clause, application of the liberal joinder provisions of F.R.Civ.P. 14(c) is questionable.