JVC AMERICAS CORP. Plaintiff,

v.

CSX INTERMODAL INC. and MEDITERRANEAN SHIPPING COMPANY S.A., Defendants.

No. 02–CV–3192.

United States District Court,
D. New Jersey.

June 11, 2003.

John T. Lillis, Jr., Kennedy Lillis Schmidt & English, Newark, NJ, for plaintiff.

Richard Brett Kelly, De Orchis, Walker & Corsa, LLP, Union, NJ, for defendants.

## ORDER

GREENAWAY, District J.

This matter having come before the Court on Defendants', CSX Intermodal, Inc. and Mediterranean Shipping Company S.A. (collectively "Defendants"), objection to Magistrate Judge G. Donald Haneke's March 28, 2003 Report and Recommendation, pursuant to Fed. R.Civ.P. 72(b) and L. Civ. R. 72.1(a)(2), wherein he recommended that this Court grant Plaintiff's motion to remand; and it appearing that a Magistrate Judge's recommended disposition of a dispositive motion, such as a motion to remand, is subject to *de novo* review. *In re U.S. Healthcare*, 159 F.3d 142, 145–46 (3d Cir.1998); *Temptations, Inc. v. Wager*, 26 F.Supp.2d 740, 743 (D.N.J.1998); *see also* Fed.R.Civ.P. 72(b); and this Court having reviewed the parties' submissions under the appropriate *de novo* standard; and good cause appearing,

IT IS on this 11th day of June 2003,

ORDERED that Magistrate Judge Haneke's Report and Recommendation is adopted as the Opinion of this Court;

IT IS FURTHER ORDERED that Plaintiff's motion to remand is GRANTED; and

IT IS FURTHER ORDERED that a copy of this Order be served on all parties within seven (7) days of the date of this Order.

## REPORT AND RECOMMENDATION

This matter is before the Court on a motion by the Plaintiff to remand this action to the Superior Court of New Jersey, Law Division, Hudson County. Defendants oppose this motion. This matter has been referred to me by the Honorable Joseph A. Greenaway, Jr. for an appropriate Report and Recommendation pursuant to Loc. Civ. R. 72.1(a)(2) and Fed.R.Civ.P. 72(b). In preparing this Report, I have read and considered all papers submitted by the parties and for the following rea-

sons, I respectfully recommend that the Plaintiff's Motion to Remand be Granted.

## BACKGROUND

### A. Procedural Background

Plaintiff, JVC Americas Corporation ("JVC"), filed this Complaint in the Superior Court of New Jersey, Hudson County, on April 15, 2002 against Defendants CSX Intermodal, Inc. ("CSXI") and Mediterranean Shipping Company S.A. ("MSC"). In the four count Complaint, Plaintiff alleges that JVC's container, No. MSCU 426172–9 which held 967 cartons of electronics, disappeared while at CSXI's terminal in South Kearny, New Jersey. Plaintiff asserts claims against CSXI for conversion, breach of bailment, and negligence. Plaintiff also states a claim against MSC based on breach of contract.[1]

Defendants filed a Notice of Removal on July 2, 2002 alleging that removal of the action was warranted based on §§ 1331 and/or 1333 and Plaintiff's claims against Defendants pursuant to 46 U.S.C. §§ 1300–1315 the United States Carriage of Goods By Sea Act ("COGSA"), and/or under the federal common law of the United States as it applies to international and interstate carriers and transportation.

### B. General Background

Plaintiff's action arises from the disappearance of a cargo shipment of its electronic goods, namely, JVC electronics. Plaintiff explains that the shipment of electronics was delivered to MSC in Yokohoma, Japan for transportation to Pine Brook, New Jersey. Plaintiff states that on November 25, 2001, MSC issued a bill of lading MSCUJY14876 in Yokohama, Ja-

pan listing the Victor Company of Japan, Ltd., as the shipper and listing the consignee as JVC. Plaintiff also states that the bill of lading further identifies Tokyo, Japan as the port of loading and the MSC Alabama as the vessel responsible for transporting three containers.[2] Plaintiff further states that the port of discharge was identified as Los Angeles but the final destination was Pine Brook, New Jersey.[3]

Plaintiff claims that on December 1, 2001 the three containers arrived in Los Angeles. Plaintiff asserts that after arriving in Los Angeles, the containers were transported across the country via rail and arrived at the CSXI terminal in South Kearny, New Jersey on December 11, 2001. Prior to the containers reaching the CSXI terminal, however, Plaintiff argues that container MSCU–426172–9 was broken into and approximately 30 cases of cargo were either removed or stolen. Plaintiff states that once the containers arrived at CSXI, an exception report was prepared regarding the lost container and cargo.

On December 17, 2001 Plaintiff's truck arrived at CSXI to pick up MSCU–426172–9 but it could not be located. Plaintiff asserts that the next day the container was found abandoned and emptied on Routes 1 & 9 in Newark, New Jersey by the Newark Police Department.

Defendants admit that the first three counts of the Complaint (conversion, breach of bailment, and negligence) are state law claims. However, Defendants assert that Plaintiff's fourth claim is a federal claim against MSC. In the fourth count, Plaintiff alleges that "MSC should

---

1. As a result of the disappearance, Plaintiff is claiming damages from CSXI and MSC for $838,286.90.

2. One of these containers was MSCU–426172–9.

3. The Complaint states that MSC "accepted the Shipment for transportation to Pinebrook, New Jersey...." Complaint ¶ 11.

be liable as a common carrier by sea which failed to make proper delivery of the Shipment at its final destination." Defendants assert that Plaintiff's fourth count falls under either the Harter Act, 46 U.S.C.App. §§ 190–96, or the Carriage of Goods by Sea Act, 46 U.S.C.App. §§ 1300–15 ("COGSA"). Defendants therefore claim that this Court has original federal jurisdiction under § 1331 and original jurisdiction over admiralty and maritime claims under § 1333. Defendants further assert that this Court has jurisdiction over claims "arising under any Act of Congress regulating commerce." 28 U.S.C. § 1337(a). Defendants also claim that their Notice of Removal was timely filed on July 2, 2002 but assert that Plaintiff's Motion to Remand was untimely as it was filed on August 12, 2002, more than thirty days later.

### Applicable Law

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." *Id.*

Furthermore, 28 U.S.C. § 1441(b) provides, "any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution . . . shall be removable without regard to the citizenship or residence of the parties." *Id.*

If an action was improperly removed due to lack of federal jurisdiction, then the matter may be remanded to state court pursuant to 28 U.S.C. § 1447. Under § 1447, "[a] motion to remand . . . on the basis of any defect other than lack of subject matter jurisdiction must be made

within 30 days after the filing of the notice of removal." 28 U.S.C. § 1447(c).

In this case, Plaintiff's motion is timely because an objection to this Court's subject matter jurisdiction is allowable at any time. Plaintiff claims that there is a jurisdictional defect in the removal of this case, and not merely a procedural defect, because Plaintiff argues that this case could not have initially been filed in federal court.

In reviewing a motion to remand "the Court must construe the removal statutes strictly and resolve all doubts in favor of remand." *Teamsters Union Local 102, et al v. Anheuser Busch, Inc. and John Listinsky,* No. 99–1044, slip op. at 3 (D.N.J. April 28, 1999). In other words, on a motion to remand, the removing party bears the burden of establishing that federal jurisdiction exists and that the case should not be remanded. *See also Diaz v. Sheppard,* 85 F.3d 1502 (11th Cir.1996).

### ANALYSIS

Defendants have incorrectly asserted that this case was properly removed based upon this Court's admiralty jurisdiction, pursuant to 28 U.S.C. § 1333, and this Court's federal question jurisdiction, pursuant to 28 U.S.C. § 1331.

### 28 U.S.C. § 1333—Admiralty, maritime and prize cases

Section 1333 states in relevant part that: The district courts shall have original jurisdiction, exclusive of the courts of the States, of: (1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled.

28 U.S.C. § 1333.

The Court of Appeals for the Third Circuit has explained that "an admiralty case

filed in state court may only be removed if there exists some independent basis for federal jurisdiction...." *U.S. Express Lines, Ltd. v. Higgins,* 281 F.3d 383, 390 (3d Cir.2002)(citing *Romero v. Int'l. Terminal Operating Co.,* 358 U.S. 354, 380–81, 79 S.Ct. 468, 3 L.Ed.2d 368 (1959)). Therefore, in order for Defendants to properly remove this case based on this Court's admiralty jurisdiction, pursuant to 28 U.S.C. § 1333, they must show an independent basis for federal jurisdiction, which they have failed to do. Defendants argue: 1) that Plaintiff waived its right to object to removal; and 2) that "this case is governed by COGSA and/or the Harter Act; it therefore could have been filed within this Court's original admiralty and maritime jurisdiction." As discussed above, Plaintiff's motion to remand is timely and as will be discussed below, COGSA and/or the Harter Act[4] do not provide an adequate basis for removal. Therefore, I do not believe that Defendants have provided the necessary independent basis for federal jurisdiction.

Defendants also present an unpersuasive argument that this Court can exercise general admiralty or maritime jurisdiction over this case. In *Berkshire Fashions, Inc. v. M.V. Hakusan II,* 954 F.2d 874, 881 (3d Cir.1992), the Court stated that "lower courts should look to the subject matter of the agency contract and determine whether the services performed under the contract are maritime in nature." *Id.* at 880 (*quoting Exxon Corp. v. Central Gulf Lines, Inc.,* 500 U.S. 603, 111 S.Ct. 2071, 114 L.Ed.2d 649 (1991)).

The *Berkshire* Court further stated:

First, if a contract is partially maritime and partially non-maritime, the court will entertain admiralty jurisdiction if the maritime and non-maritime portions of the contract can be severed without prejudice to either party. Second, a federal court may exercise maritime jurisdiction over the entire contract if the non-maritime aspects of the transportation are "merely incidental."

*Id.* [citations omitted].

The Court also stated that if the contract provided for both land and sea transport of the goods, then admiralty jurisdiction did not arise. *Id.* The Court further noted that if there is one bill of lading and one total charge for all the services performed, the contract is generally non-severable. *Id.* Therefore, Defendants cannot invoke this Court's general admiralty or maritime jurisdiction based on the mixed contract that is at issue in this case.[5]

*28 U.S.C. § 1331—Federal Question Jurisdiction*

■ Section 1331 states that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treatises of the United States." 28 U.S.C. § 1331. In order to determine whether a case does arise under federal law, courts must follow the well-pleaded complaint rule. Under that rule, if an action arises under Federal Law, the action is removable if a federal question is apparent on the face of the complaint. *Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). However, if there is complete preemption of the action,

---

**4.** Even though Defendants did not reference the Harter Act in their Notice of Removal, I have considered the Harter Act in my analysis because the Harter Act and COGSA are used almost interchangeably throughout case law.

**5.** Defendants also assert that the Carmack Amendment applies to this case because of the inland transportation. I also disagree with Defendants on this issue as I accept Plaintiff's argument that the more persuasive case law has held that the Amendment does not apply to contracts involving inland transportation.

there is an exception to the well-pleaded complaint rule. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63–64, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987).

■ Generally, federal courts have found that cases should be remanded when federal law is merely "referenced" or "mentioned" in the claim. *See Diaz*, 85 F.3d at 1505; *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 813, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986). Usually, federal jurisdiction is retained only when the plaintiff's right to relief relies on federal law, i.e., when the relief is based on a federal cause of action. As the Supreme Court stated in *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 28, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983), "[u]nder our interpretations, Congress has given the lower courts jurisdiction to hear, originally or by removal from a state court, only those cases in which a well-pleaded complaint establishes either that federal law creates the *cause of action* or that the plaintiff's right to relief necessarily depends on resolution of a *substantial* question of federal law." (Emphasis added.) *See also Merrell Dow*, 478 U.S. at 804, 807, 106 S.Ct. 3229.

In this case, it is clear that the first three counts in Plaintiff's Complaint allege state law claims. Defendants maintain, however, that the fourth claim asserted against MSC is a federal claim. Since the original Complaint does not mention a federal statute, Defendants argue that this Court must look beyond the Complaint and consider the "artful pleading" rule.

■ The "artful pleading" rule requires this Court to "look beyond the face of the complaint to determine whether a plaintiff has artfully pleaded his suit so as to couch a federal claim in terms of state law." *Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1488 (7th Cir. 1996). Defendants assert that Plaintiff's

fourth claim is actually a federal claim arising under COGSA or the Harter Act. Defendants argue that either one of these statutes "preempt any other law which might otherwise apply to the facts alleged by [Plaintiff] against [Defendants]."

In pertinent part, COGSA provides that "[e]very bill of lading or similar document of title which is evidence of a contract for the carriage of goods by sea to or from ports of the United States, in foreign trade, shall have effect subject to the provisions of this Act." 46 U.S.C. § 1300. The Third Circuit has described the carriage of goods as the "period of loading the goods onto the ship until their discharge from the ship." *Davis Elliott Int'l. Inc. v. Pan American Container Corp.*, 705 F.2d 705, 708 (3d Cir.1983). The Harter Act states, in relevant part:

> It shall not be lawful for the manager, agent, master, or owner of any vessel transporting merchandise or property from or between ports of the United States and foreign ports to insert in any bill of lading or shipping document any clause... whereby it, he, or they shall be relieved from liability for loss or damage arising from negligence, fault, or failure in proper loading, stowage, custody, care, or proper delivery of any...merchandise....

46 U.S.C.App. §§ 190–196.

■ The Harter Act is applied "to the period of time between the discharge of the cargo from the vessel until 'proper delivery.'" *Mannesman Demag Corp. v. M/V Concert Express*, 225 F.3d 587, 592 (5th Cir.2000). Proper delivery has not formally been defined by the courts but it does not require "receipt by the consignee." *Id.* at 594.

■ Based on the language of the statutes and the case law that has interpreted and applied these statutes, I am not con-

vinced that either COGSA or the Harter act apply to the case at hand. COGSA does not apply to the loss of Plaintiff's electronics in New Jersey because COGSA applies only from "tackle to tackle." Therefore, Defendants can only rely on the Harter Act as a viable basis of removal. However, a number of courts have questioned whether the Act applies to inland transportation.[6] Assuming *arguendo* that the Harter Act does apply, I am still not convinced that that Act is an adequate basis for removal or completely preempts state law.

Chief Judge Bissell's opinion in *Imperial Spirits, USA, Inc. v. Trans Marine International Corporation,* 1999 WL 172292 (D.N.J.1999), speaks almost directly to the question presented in this case.[7] In *Imperial Spirits,* the holding specifically addressed whether either COGSA or the Harter Act, used in conjunction with 28 U.S.C. § 1337, "provides [ ] an independent ground for federal jurisdiction." *Id.* at *3.[8]

Judge Bissell explained that when the *Imperial* decision was written, the Third Circuit had not ruled on that specific removal issue and there was "conflicting case law even among the district courts within the circuit." Judge Bissell, therefore, examined the various district court decisions within the circuit, including Judge Wolin's decision in *Sea–Land*[9] and Judge Luongo's decision in *Superior Fish Co., Inc. v. Royal Globe Insurance Co.,* 521 F.Supp. 437 (E.D.Pa.1981) (Court held that absent an independent ground of federal jurisdiction, admiralty/maritime claims are not claims that arise under the Constitution so as to qualify for removal). *Id.* at *4–5. After reviewing these decisions, Judge Bissell held that the analysis in *Superior Fish* was more persuasive.

I agree with Judge Bissell's reasoning and I believe that the Supreme Court would not allow Defendants to accomplish through 28 U.S.C. § 1337 or in this case, 28 U.S.C. § 1331, what the Court "expressly forbade through 28 U.S.C. § 1333." *Imperial,* 1999 WL 172292 at *4. I do not agree with Defendants that COGSA and the Harter Act should be recognized as independent bases for federal jurisdiction under 28 U.S.C. § 1331; otherwise, they would "effectively nullify [a plaintiff's forum] choice and federalize any and all claims occurring within earshot of a dock or pier." *Id.* Therefore, I believe that this Court lacks original subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

6. *Capitol Converting Equipment v. Lep Transport, Inc.,* 750 F.Supp. 862, 863–64 (N.D.Ill. 1990), aff'd 965 F.2d 391 (7th Cir.1992) (court found that Carmack did not apply to domestic rail carriage where the cargo began in a foreign country and a through bill of lading covered the entire course of the journey); *Fine Foliage of Florida, Inc. v. Bowman Transportation Inc.,* 698 F.Supp. 1566, 1571 (M.D.Fla.1988), *aff'd* 901 F.2d 1034 (11th Cir. 1990); *Swift Textiles v. Watkins Motor Lines Inc.,* 799 F.2d 697, 701 (11th Cir.1986); *cert denied,* 480 U.S. 935, 107 S.Ct. 1577, 94 L.Ed.2d 768 (1987).

7. I am not convinced by Defendants' argument that this Court should not follow *Imperial Spirits* but instead follow Judge Wolin's decision in *Sea-Land Service, Inc. v. J & W Import/Export, Inc.,* 976 F.Supp. 327 (D.N.J. 1997). The *Imperial* decision references *Sea-Land* and even though Judge Wolin held that since COGSA applied to that case, the Court had original federal question jurisdiction, pursuant to 28 U.S.C. § 1337, his decision did not "address[ ] a contested motion to remand...." *Imperial,* 1999 WL 172292 at *4.

8. Even though Defendants here rely on 28 U.S.C. § 1331 instead of 28 U.S.C. § 1337 as their basis for removal, I believe that the analysis employed by Judge Bissell should be followed in this case.

9. Judge Wolin determined that this Court had original federal question jurisdiction because COGSA applied to the facts of that case.

*Preemption*

Finally, Defendants argue that this case is completely preempted by COGSA and/or the Harter Act. Assuming that either of these two statutes do apply, I am not convinced that this case falls within this very limited exception to the well-pleaded complaint rule.

 Generally, "Congress may 'completely pre-empt' an area of law, with the result that a claim which falls within the area is 'necessarily federal in character.'" *In re U.S. Healthcare*, 193 F.3d 151, 160 (3d. Cir.1999). In the Third Circuit, complete preemption applies in two circumstances: "(1) when the enforcement of a provision of a federal statute creates a federal cause of action vindicating the same interest that the plaintiff's cause of action seeks to vindicate; and (2) when there is affirmative evidence of a congressional intent to permit removal despite the plaintiff's exclusive reliance on state law." *Allstate Ins. Co. v. 65 Sec. Plan*, 879 F.2d 90, 93 (3d Cir.1989).

The Third Circuit, as well as the Supreme Court, has not dealt directly with the issue of whether COGSA or the Harter Act completely preempt state law. The courts that have addressed this issue have reached varying results, so there is no "bright line" on this issue. Therefore, since there is no "bright line" or clear Congressional intent in this area to justify preemption, I cannot agree with Defendants that COGSA and the Harter Act preempt Plaintiff's fourth claim if COGSA or the Harter Act apply to the contract. Without a clear directive from Congress in this area, this Court should be reluctant to divest Plaintiff of its right to choose the state forum to litigate its claims in this case.

## CONCLUSION

For the foregoing reasons, I recommend that the Plaintiff's Motion to Remand this action to the Superior Court of New Jersey, Hudson County, be Granted.