**Julio VILLEGAS, Plaintiff**

**v.**

**MAGIC TRANSPORT, INC., Defendant.**

**Civil No. 09–1354 (JAG).**

United States District Court,
D. Puerto Rico.

June 9, 2009.

Michael S. Corona–Munoz, Guaynabo, PR, for Plaintiff.

Ricardo Pizarro, Pizarro Law Firm, P.S.C., San Juan, PR, for Defendant.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

Pending before the Court is the motion to remand filed by Julio Villegas ("Plaintiff"). (Docket No. 7). For the reasons set forth below, the Court **GRANTS** Plaintiff's motion to remand.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff contracted the services of Magic Transport, Inc., ("Defendant") to transport and deliver used industrial equipment from the continental United States to Plaintiff's place of business in Puerto Rico. Defendant delivered the equipment to Plaintiff's place of business. Upon opening the containers holding the equipment, Plaintiff noticed that the equipment had suffered damages.

On March 2, 2009, Plaintiff filed a complaint against Defendant before the Superior Court of Puerto Rico, Caguas Part alleging breach of contract and damages under Puerto Rico law as a result of the alleged cargo damage. (Docket No. 1, Exh. 1). On April 16, 2009, Defendant

removed the present case to this Court. According to Defendant, removal was proper because this Court has jurisdiction over Plaintiff's claims pursuant to the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C.App. § 1300 et seq. (Docket No. 1). On April 28, 2009, Plaintiff moved to remand the case to the Superior Court of Puerto Rico, Caguas Part alleging that he purposely proffered only state law claims to avoid federal jurisdiction. (Docket No. 7). On April 13, 2009, Defendant opposed Plaintiff's request. (Docket No. 12).

## STANDARD OF REVIEW

■ Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." *City of Chicago v. International Coll. of Surgeons*, 522 U.S. 156, 163–64, 118 S.Ct. 523, 139 L.Ed.2d 525 (1997). When a party questions the propriety of a removal petition, the removing party bears the burden of showing that removal is proper. *See, e.g., Danca v. Private Health Care Systems*, 185 F.3d 1, 4 (1st Cir.1999) (citing *BIW Deceived v. Local S6, Industrial Union of Marine and Shipbuilding Workers of America, IAMAW District Lodge 4*, 132 F.3d 824, 831 (1st Cir.1997)). Removal statutes are strictly construed against removal. *See Rossello–Gonzalez v. Calderon–Serra*, 398 F.3d 1, 11 (1st Cir. 2004) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941)). When plaintiff and defendant clash about jurisdiction, uncertainties are construed in favor of remand.

*Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir.1994); *Asociacion de Detallistas de Gasolina v. Shell*, 380 F.Supp.2d 40 (D.P.R.2005).

## DISCUSSION

■ As just mentioned, a defendant can remove an action filed in state court to a federal district court only if the federal court has original jurisdiction. *See* 28 U.S.C. § 1441(a). Thus, this Court's primary consideration in evaluating whether removal was proper is whether there is original jurisdiction over the action, i.e. whether the case could have been filed originally in federal court based on a federal question, diversity of citizenship, or another statutory grant of jurisdiction. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). If an action was improperly removed due to lack of federal jurisdiction, then the matter may be remanded to state court pursuant to 28 U.S.C. § 1447.[1]

■ In the present case, Plaintiff moves to remand the case at bar to the Superior Court of Puerto Rico, Caguas Part. Plaintiff argues that remand is proper because his original choice of forum is adequate because his complaint purposely contains no federal claims and only proffers breach of contract and damage claims under Puerto Rico state law.

■ On the other hand, Defendant asserts that this case was properly removed. First, Defendant argues that this Court has original jurisdiction pursuant to 28 U.S.C. § 1337. Under 28 U.S.C. § 1337(a), "the district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting

---

1. Under 28 U.S.C. § 1447(c), "[a] motion to remand ... on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal."

trade and commerce against restraints and monopolies." According to Defendant, regardless of the fact that Plaintiff made no reference in his complaint to any federal statutes, COGSA, a federal statute governing commerce,[2] is involved in this case conferring this Court with original jurisdiction over Plaintiff's claims.[3] Defendant also alleges that removal was proper because Plaintiff's state law claims are preempted by COGSA.

■■ We begin by discussing whether this Court has original jurisdiction over Plaintiff's claims based on COGSA. First, it is important to examine the removal statute itself. Title 28 U.S.C. § 1441(b) states that: "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." Despite the statute's broad language, in *Romero v. Int'l Terminal Operating Co.,* 358 U.S. 354, 79 S.Ct. 468, 3 L.Ed.2d 368 (1959) the Supreme Court established that maritime claims are not claims "arising under the Constitution, treaties or laws of the United States." The rationale underlying the Court's decision in *Romero* was that if maritime claims "arose under" the laws of the United States, defendants, by use of the removal statute, could eviscerate the traditional choice of maritime plaintiffs to elect a state law forum and remedy under the "savings to suitors clause" of the admiralty jurisdiction statute. 28 U.S.C. § 1333.[4] *Id.* at 371–72, 79 S.Ct. 468. The "saving to suitors" clause gives to state courts the concurrent right to adjudicate admiralty actions brought "in personam," that is against an actual person. *See Madruga v. Superior Court of California,* 346 U.S. 556, 560–61, 74 S.Ct. 298, 98 L.Ed. 290 (1954). An action is considered "in personam" "where the defendant is a person, not a ship or some other instrument of navigation." [5] *Id.* In the wake of *Romero,* it is largely undisputed that absent an independent ground of federal jurisdiction, maritime claims are not removable under 28 U.S.C. § 1441(b). *U.S. Express Lines, Ltd. v. Higgins,* 281 F.3d 383, 390 (3d Cir.2002) (citing *Romero,* 358 U.S. at 380–81, 79 S.Ct. 468); *Mangual–Saez v. Brilliant Globe Logistics, Inc.,* No. 04–2253, 2005 WL 290155, at \*8, 2004 U.S. Dist. LEXIS 27003, at \*26–27 (D.P.R. Jan. 27,

---

**2.** In relevant part, COGSA provides that: "Every bill of lading or similar document of title which is evidence of a contract for the carriage of goods by sea to or from the ports of the United States, in foreign trade, shall have effect subject to the provisions of this Act." 46 U.S.C.App. § 1300. "Carriage of goods" refers to the period of loading the goods onto the ship until their discharge from the ship. *Davis Elliott Int'l. Inc. v. Pan American Container Corp.,* 705 F.2d 705, 708 (3d Cir.1983).

**3.** This Court notes that Defendant's allegation that this Court has original jurisdiction is centered on 28 U.S.C. § 1337. Defendant did not proffer any arguments to support as a basis for jurisdiction—federal question jurisdiction pursuant to 28 U.S.C. § 1331 (stating that "the district courts shall have original

jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States").

**4.** Pursuant to 28 U.S.C. § 1333, federal courts have original jurisdiction over admiralty and maritime cases "saving to suitors in all cases all other remedies to which they are otherwise entitled." 28 U.S.C. § 1333(1).

**5.** Conversely, admiralty actions brought in rem, for example against the boat, fall within the exclusive jurisdiction of the federal courts. *See id.* at 560, 74 S.Ct. 298. An action is considered in rem "where a vessel or thing is itself treated as the offender and made the defendant by name or description in order to enforce a lien." *Id.* (internal citation omitted).

2004); *JVC Ams. Corp. v. CSX Intermodal, Inc.*, 292 F.Supp.2d 586, 591 (D.N.J. 2003); *Imperial Spirits, USA, Inc. v. Trans Marine Int'l Corp.*, No. 98–5469, 1999 WL 172292, at *3, U.S. Dist. LEXIS 9586, at *11 (Feb. 17, 1999); *Superior Fish Co. v. Royal Globe Ins. Co.*, 521 F.Supp. 437, 441 (E.D.Pa.1981).

Defendant argues that COGSA used in conjunction with 28 U.S.C. § 1337, provides an independent ground for federal jurisdiction making removal proper in the present case. As mentioned previously, under 28 U.S.C. § 1337(a), "the district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies." It is undisputed that COGSA "regulates commerce." However, we cannot find that all state law claims that fall within the purview of COGSA are removable to federal court. This court finds it difficult to believe that in light of *Romero*, the Supreme Court would allow Defendant to accomplish through 28 U.S.C. § 1337, what it expressly forbade through 28 U.S.C. § 1333. As mentioned above, under 28 U.S.C. § 1333, a plaintiff bringing an "in personam" suit for a breach of a maritime contract has a choice to sue in a United States District Court or a state court. However, to now recognize COGSA as an independent basis of federal jurisdiction under 28 U.S.C. § 1337 would effectively nullify that choice and federalize any and all claims "occurring within earshot of a dock or pier." *Imperial Spirits*, 1999 WL 172292 at *4–5, 1999 U.S. Dist. LEXIS 9586 at *16–17; *see also JVC Ams. Corp.*, 292 F.Supp.2d at 593. This Court will not nullify Plaintiff's choice of forum.[6] Plain-

tiff, as master of his claims, may choose the state court as the forum to bring his "in personam" suit consisting of breach of marine contract and tort claims. Accordingly, the Court finds that it lacks original jurisdiction under 28 U.S.C. § 1337.

We interestingly note that Defendant's position also goes against the "well-pleaded complaint rule," which provides that whether a case arises under federal law must be determined from what appears in the plaintiff's complaint. *Franchise Tax Bd. v. Constr. Laborers Vac. Trust*, 463 U.S. 1, 27–28, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). Thus, to determine whether an action "arises under" federal law, this Court must only look to Plaintiff's complaint. *Rossello–Gonzalez v. Calderon–Serra*, 398 F.3d 1, 10 (1st Cir.2004). Plaintiff is the master of his claims and if to avoid federal jurisdiction it chooses to rely on state law as the basis for its claim, then the case cannot be said to arise under federal law even if plaintiff could have relied on federal law instead. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). Further, we note that "the mere fact that a federal law regulating commerce may be tangentially related to a cause of action is insufficient to satisfy 28 U.S.C. § 1337(a)." *Zimmerman v. Conrail*, 550 F.Supp. 84, 85–86 (S.D.N.Y.1982).

Plaintiff's complaint only asserts breach of contract and tort claims under Puerto Rico law. There is no reference to any federal law rule or regulation anywhere on the face of the complaint. Furthermore, Plaintiff recognized that he could have asserted a claim under federal law. However, Plaintiff exercised his discretion to de-

---

**6.** This decision reaffirms this Court's previous decision in Civil Case No. 04–2253(JAG), adopting a Magistrate Judge's Report and Recommendation which concluded that COG-SA was not an independent source of federal jurisdiction under 28 U.S.C. § 1337. *Mangual–Saez*, 2005 WL 290155, at *8–9, 2004 U.S. Dist. LEXIS 27003, at *28–30.

cline to do so. Indeed, although this Court cannot foreclose the possibility that COG-SA may raise a tangential issue for the state court's adjudication, the same is simply insufficient to create federal jurisdiction. *See Merrell Dow Pharmaceuticals, Inc. v. Thompson,* 478 U.S. 804, 814, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986).

 This Court recognizes that in cases where the complaint articulates claims exclusively in terms of state law, said claim might be considered to "arise under" federal law for jurisdictional purposes if a federal statute can be said to exert such a pervasive and overpowering preemptive force that all state-law claims of the type pleaded are "completely preempted." *Cambridge Literary Props., Ltd. v. W. Goebel Porzellanfabrik G.m.b.H. & Co. Kg.,* 510 F.3d 77, 93–94 (1st Cir. 2007) (internal citations omitted). Defendant alleges that removal was proper because Plaintiff's state law claims are preempted by COGSA. The First Circuit, as well as the Supreme Court, has not dealt directly with the issue of whether COGSA completely preempts state law. Without a clear directive in this area, this Court is reluctant to divest Plaintiff of his right to choose the state forum to litigate his claims. Thus, this Court declines to find that complete preemption supports removal of the case at bar.

In sum, this Court finds that in the present case, removal was not proper. This Court lacks original jurisdiction over Plaintiff's claims. Accordingly, the case at bar must be remanded to the Superior Court of Puerto Rico, Caguas Part.

## CONCLUSION

For the reasons stated above, this Court hereby **GRANTS** Plaintiff's motion to remand. (Docket No. 7). The present case shall be remanded to the Superior Court of

Puerto Rico, Caguas Part. Judgment shall be entered accordingly.

IT IS SO ORDERED.